[No. 19238.   Department One.—January 26, 1894.]

## DUNCAN DOUGALL, Respondent, *v.* A. R. SCHULENBERG, Appellant.

Statute of Limitations—Findings—Record Upon Appeal.—Where a defendant pleads the statute of limitations as a bar to an action upon promissory notes, and the court finds that the cause of action is not barred by the statute, such finding will not be disturbed on appeal, where the original complaint is not in the record, nor anything to show when the suit was commenced.

Id.—Judgment-Roll—Original Complaint Superseded by Amendment—Date of Commencement of Suit.—The appellant must show error, and to assail a finding that the action was not barred by the statute of limitations should bring up the original complaint as part of the judgment-roll, although superseded by an amended pleading, in order to show the date of the commencement of the action; and where he does not do so the judgment should be affirmed, for failure to furnish a proper record, and on the ground that no error appears.

Id.—Nonresidence—Absence From State.—Where the note sued upon was in express terms payable out of the state, and both of the payors were nonresidents of the state when the cause of action accrued, the statute only commences to run in their favor when they came to this state, and if afterward they left the state, the time when they were so absent would not be a part of the time in which the suit must be commenced.

Id.—Pleading—Departure From State—Waiver of Objection.—Where the complaint substantially averred that the defendant was a nonresident of the state, and had not been in the state for two years when the action was commenced, and there was no objection to evidence offered at

the trial to prove that he came to the state after the cause of action ac-
crued, and thereafter again departed from it, the defendant cannot be
injured by the failure of the complaint specifically to allege a departure
from the state after the cause of action accrued.

Appeal from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion.

*M. S. Babcock,* for Appellant.

The judgment should be reversed, as the statute of limitations was a bar to the action. (*Palmer* v. *Shaw,* 16 Cal. 93; see *Tynan* v. *Walker,* 35 Cal. 634.) The action being founded upon two instruments in writing executed out of the state, the statutory bar of two years presumptively applies, and the burden rests on plaintiff to repel this presumption. (*Bass* v. *Berry,* 51 Cal. 264.) Statutes of limitations are to be strictly construed. Courts cannot make an exception not expressed. (*Tynan* v. *Walker,* 35 Cal. 634–39.)

*Luce & McDonald,* for Respondent.

It does not appear from the record that either of the causes of action stated were barred, or that the fifth finding of fact is not abundantly sustained by the evidence. (*Redington* v. *Cornwell,* 90 Cal. 49–59 et seq.; *Carruthers* v. *Hensley,* 90 Cal. 559, 560.) For the purpose of ascertaining when the action was commenced, it was the duty of the trial court to take judicial knowledge of the date that the original complaint was filed. (*Withers* v. *Gillespy,* 7 Serg. & R. 10; *Paget* v. *Curtis,* 15 La. Ann. 451; *State* v. *Bowen,* 16 Kan. 475; *Jordan* v. *Circuit Court,* 69 Iowa, 177; *Secrist* v. *Petty,* 109 Ill. 188; *Ex parte Ah Men,* 77 Cal. 198; *Redington* v. *Cornwell,* 90 Cal. 60, 61.) And all presumptions are in favor of the judgment and findings of the trial court. (*Carruthers* v. *Hensley,* 90 Cal. 560.) No cause of action accrued against appellant until appellant came within the state

on the thirteenth day of May, 1887; and thereafter the time of his absence from the state must be deducted from the whole time which elapsed between his first coming and the commencement of this action. (Code Civ. Proc., sec. 351; *Rogers* v. *Hatch*, 44 Cal. 280; *Watt* v. *Wright*, 66 Cal. 202–05.)

TEMPLE, C.—This action is based upon two promissory notes dated upon the same day and alike in every respect, except that one is made payable six months after date and the other twelve months after date. The following is a copy of one of them.

"$500.                    WINDSOR, ONT., March 5, 1884.

"Six months after date, for value received, we promise to pay to the order of Duncan Dougall, at the Canadian Bank of Commerce here, the sum of five hundred dollars.                    "GEORGE CAMPBELL,
                    "A. R. SCHULENBERG."

It is averred in the complaint that at the time of the execution of the note and at the time when it became due and payable both defendants were nonresidents of the state of California, and so continued until within a period of less than two years before the commencement of the action.

Only Schulenberg was served with summons. He answered and with other defenses pleaded the statute of limitations, to wit: That the cause of action was barred by the first subdivision of section 339 of the Code of Civil Procedure.

The cause was tried by the court without a jury, and the fifth finding of fact is that the cause of action "was not at the commencement of this action, and is not now, barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure of the state of California, or by any other statute of said state."

Judgment was thereupon entered for the plaintiff, and the defendant made a motion for a new trial upon the ground of the insufficiency of the evidence to justify the decision, and specified that the evidence was insufficient

to justify the finding that the two promissory notes
sued on were not barred at the time of the commence-
ment of the action by the provisions of subdivision 1 of
section 339 of the Code of Civil Procedure.

The court declined to award a new trial, and defend-
ant appeals both from the order and from the judgment.

The motion for a new trial was made upon the min-
utes of the court, and the statement of the case was sub-
sequently settled.

The complaint had been amended, and the original
complaint is not in the record, nor is there anything
showing when the suit was commenced.   The amended
complaint was filed September 2, 1890.

Aside from proof of demand and refusal of payment,
the only evidence in the statement consists of the two
notes and testimony of defendant Schulenberg, who tes-
tified for plaintiff.

Witness said he first came to this state on the thir-
teenth or fourteenth day of May, 1887.   That he came
for the purpose of locating, and remained from four to
six weeks, during which time he bought some property
for his father   He then returned to Ontario, where he
remained until January 15, 1888, when he again started
for California, arriving in five or six days, and has
remained ever since.

Since the notes were in express terms payable in On-
tario, and both of the payors were nonresidents of this
state when the cause of action accrued, the statute only
commenced to run in their favor when they came to
this state, and if afterwards they left the state the time
they were so absent would not be a part of the time
within which the suit must be commenced.   (Code Civ.
Proc., sec. 351.)

The defense of the statute of limitations must be
specially pleaded, otherwise a complaint is good al-
though it shows on its face that the cause of action is
barred.   If therefore it was necessary for the plaintiff
to allege that his case was within some exception to the
statute of limitations, because it was presumably barred,

it was only necessary for him to do so to prevent a demurrer on that ground. It was still necessary for the defendant to plead the statute to raise any issue upon that subject. This he did as above stated.

This plea is equivalent to saying that plaintiff's action was not brought within two years after the cause of action accrued; or, perhaps, in this case, to the statement that the defendant had been in this state for more than two years after the cause of action accrued and before the action was commenced. In either case there is implied in the plea an averment of the time when the action was commenced. This might have been by demurrer, which would mean nothing except upon the supposition that the court knew without proof when the suit was commenced, for such fact would not appear by allegation. So, too, when it is plead in the answer, the time of the commencement of the action need not be proven.

Appellant claims that the objection was made on his motion for a new trial, in which he specified that finding V was not justified by the evidence, therefore the statement is presumed to contain everything upon that subject. This court has often said that in such case it will be presumed that the statement contains all the evidence upon that subject; but this was not a matter of evidence.

Again, to obtain a reversal the appellant must show error. Here taking the record as it is, appellant has shown none. We cannot presume that the action was commenced when the amended complaint was filed. The presumption is conclusive that it was not. It was commenced some time before—how long we have no means of determining. There is an entire absence of a fact without which we can form no opinion upon the question presented.

The appellant should have brought the originial complaint here as a part of the judgment-roll. It was so said in *Redington* v. *Cornwell*, 90 Cal. 49; see also *Abbott* v. *Douglass*, 28 Cal. 296.

It is true it has often been said that a pleading which has been wholly superseded by an amended pleading is no longer a pleading in the case. For most purposes this is true. It can no longer be looked to for the issues to be tried or for admissions, yet in some respects it may still be material. In this case, for instance, it was necessary to know when the action was commenced, and the position of the defendant might have been that the amended complaint stated a new cause of action, as to which the suit was commenced only when the complaint was amended. To determine such question, the original complaint must be examined.

Courts take judicial notice of those facts the existence of which they may ascertain without evidence. If we may take notice of this fact in this case we are still not informed, and the practice has prescribed a mode in which that information should be afforded. It was the duty of the appellant to furnish this information. He not only declines to do so, but claims that we cannot now be informed, and that, therefore, upon the record as it is, the case should be reversed. I think the judgment and order should be affirmed, both on the ground that he has failed to furnish a proper record, and also on the ground that no error appears.

If, however, we can assume that the suit was commenced when the respondent states it was, the result must be the same. Deducting the period during which the defendant was absent, he had not been in this state two years when the suit was commenced. Appellant contends that this time cannot be deducted, and relies upon *Palmer* v. *Shaw*, 16 Cal. 93. I find nothing in that case which tends to support the appellant. Defendant is within the very words of the statute. He was out of the state when the cause of action accrued, and after it accrued he departed from the state.

Appellant says there was no allegation in the complaint of a departure from the state after the cause of action accrued, and therefore no proof on the subject was relevant. Admitting that this is a case where the

plaintiff must aver and show that he is within an exception to the statute, it was but a variance. Substantially it is averred that the defendant had not been in the state two years when the action was commenced. If this is not sufficiently specific, still there was no objection to the evidence at the trial, and the defendant was not and could not have been injured.

I think the order and judgment should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the order and judgment appealed from are affirmed.

GAROUTTE, J., HARRISON, J., PATERSON, J.