[S. F. No. 4381.  Department Two.—January 21, 1908.]

JOHN McKEE, Respondent, v. REBECCA A. DODD, Exccutrix of Will of JAMES DODD, Deceased, Appellant.

ESTATES OF DECEASED PERSONS—ANCILLARY ADMINISTRATION—CLAIM UPON NOTE EXECUTED AND PAYABLE OUT OF STATE—STATUTE OF LIMITATIONS.—Where a note was executed and made payable in the State of New York, and the maker was non-resident therein when the note became due, and afterwards resided in this state, but his whole stay therein was less than two years, and he became a resi· dent of Honolulu, where he died, leaving property there, and also in this state. where ancillary administration was had, the cause of action upon the note in this state is not barred by the statute of limitations, and a claim thereon may be presented and enforced in such ancillary administration.

ID.—CONSTRUCTION OF CODE—ORIGIN OF CAUSE OF ACTION—BAR OF STATUTE.—Section 361, of the Code of Civil Procedure, providing that "when a cause of action has arisen in another state, or in a foreign country; and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state, except in favor of one who has been a citizen of this state, and who has held the cause of action from the time it accrued," refers only to the primary and original jurisdiction in which the cause of action arose, independent of the whereabouts of the maker at the time of the maturity thereof.

ID.—BREACH OF DUTY OF MAKER OF NOTE—CAUSE OF ACTION.—It is the duty of the maker of a note executed and made payable in another state, to make payment in that state at maturity, as agreed, though he had become a non-resident thereof before maturity of the note. The cause of action fully arose in that state, upon breach of that duty on the part of the maker.

ID.—SINGLE CAUSE OF ACTION—LOCAL REMEDIES—RESIDENCE OF MAKER—BAR IN ONE JURISDICTION NOT AFFECTING ANOTHER.—The original cause of action is single and cannot have two places of origin. Whatever other local remedies are given in different juris- dictions, owing to changes in the residence of the maker of the note, each must depend on the original cause of action. The fact that the local remedy has become barred in one jurisdiction cannot affect the local remedy given in another jurisdiction which is not barred by the laws thereof.

ID.—BAR OF REMEDY IN HAWAII—ORIGINAL ADMINISTRATION—ANCILLARY ADMINISTRATION IN CALIFORNIA—REMEDY NOT BARRED.—The fact that the local remedy had become barred in Hawaii by reason of

the residence of the maker therein for the statutory period, prior to his death there, and that no claim could be enforced in the original administration of his estate in Hawaii, cannot affect the local remedy in California. It is sufficient that the remedy is not barred in this state, and may be enforced as a claim therein in proceedings for the ancillary administration of property situated in this state.

ID.—RIGHT OF NON-RESIDENT CREDITOR TO PRESENT CLAIM—COMITY.—When the claim of a non-resident creditor is not barred in this state, there is nothing in our statutes which would deny to him the right to present a claim against the estate of a deceased person, in the course of administration in this state, whether such administration be primary or ancillary; and comity will dictate that such claim should be entertained.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

W. M. Cannon and A. P. Black, for Appellant.

Mullany, Grant & Cushing, for Respondent.

HENSHAW. J.—This is an action on a claim against the estate of James Dodd, deceased, based upon three promissory notes which were executed in 1891 in New York to plaintiff and payable in that state, plaintiff and the deceased at that time both being residents thereof. All of these notes by their terms became due and payable before the expiration of the year 1891. Shortly after their execution Dodd left New York and never returned. He was in Europe until May, 1892, and thence came to California, arriving here in June, 1892. He kept a liquor saloon in San Francisco until April, 1893, when he sold out his business and went to Honolulu, H. I. He entered business in Honolulu, resided, and had his domicile there until his death in January, 1900. During the time of his residence in Honolulu he made visits to San Francisco, but the total length of his stays in this state aggregated less than two years. He left estate, consisting of real and personal property, in Hawaii and in California. His will was duly admitted to probate in Honolulu and ancillary administration was had in the superior court of the city and county of San Francisco. Such property as he left in this state is here in

process of administration. McKee, the plaintiff, continued to reside in New York. He presented the notes for payment to the executrix as a claim against the estate in California, which claim was allowed by her. The court refused its allowance, whereupon this action was commenced. It was known to plaintiff that Dodd was residing in Honolulu.

The court awarded judgment to plaintiff upon his claim and defendant appeals, presenting three contentions. 1. Appellant urges that the notes are barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure, by which section an action upon a contract founded upon an instrument in writing executed out of the state must be commenced in this state within two years. Section 351 of the Code of Civil Procedure in this connection declares that "If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not a part of the time limited for the commencement of the action." Appellant relies upon the case of *Palmer* v. *Shaw*, 16 Cal. 93, as supporting her contention that when Dodd came to the state the cause of action against him here arose, that the statute of limitations then began to run and that his subsequent departure from the state did not stay this running; but in *Palmer* v. *Shaw* not only was the court's attention not directed to this proposition, but in fact the defendant had been in the state more than two full years before the action was brought, whereas the deceased in this case had been in the state, aggregating all of his visits, less than five hundred days. The rule is to the contrary of appellant's contention and has been expressly so decided in *Dougall* v. *Schulenberg*, 101 Cal. 154, [35 Pac. 635]. That case is the exact parallel of this as to the leading question involved, and it is there declared that where a note sued upon was in express terms payable out of the state and the payers were non-residents of the state when the cause of action accrued, the statute only commenced to run in their favor when they came to this state, and if afterward they left the state, the time during which they were so absent would not be a part of the time within which the suit must be commenced. It follows herefrom that plaintiff's cause of action was not

barred by subdivision 1 of section 339 and section 351 of the Code of Civil Procedure. 2. Appellant next contends that the cause of action was barred by section 361 of the Code of Civil Procedure. This section is as follows: "When a cause of action has arisen in another state, or in a foreign country; and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state, except in favor of one who has been a citizen of this state, and who has held the cause of action from the time it accrued." In support of appellant's position under this section it was established in evidence that under the laws of Hawaii an action for the recovery of any debt founded upon any contract, obligation, or liability, where the cause of action has arisen in any foreign country, must be commenced within four years after the cause of action accrues. Appellant's reasoning and argument is this: That a cause of action "arose" against the deceased in Hawaii upon his arrival there after the maturity of the notes; that for failure to prosecute, the right of action became barred by the statute of limitations of Hawaii; that thus is presented a case under our section 361 where by the laws of a foreign country an action cannot be maintained upon a contract by reason of lapse of time, wherefore no action is maintainable against such person or his estate in this jurisdiction. It is at once apparent then that the *crux* of this matter is to be found in the true interpretation to be given to the phrase "when a cause of action *has arisen.*" Appellant contends that the cause of action "arose" simultaneously in New York State at the time the promissory notes became due and payable, and also in Europe where at that moment deceased chanced to be; that subsequently the cause of action arose successively in every country through which he passed and arose finally in Hawaii upon his arrival there. If this be the true construction of the statute, then admittedly plaintiff's cause of action is barred. It may at once be conceded that the courts have experienced difficulties in construing statutes of limitations similar in their terms to our section 361. Appellant cites many cases under her contention that the weight of authority is with her. It would not be profitable to analyze these authorities to show in individual instances where the ruling of the

court was determined by differences between their statutes and our own, or where under other circumstances the reasoning does not appeal to us as cogent. Suffice it to say, that from a consideration of all the authorities and from the very reason of the matter itself, we are satisfied that appellant's position cannot be maintained. A cause of action, as Professor Pomeroy points out with his usual lucidity (Remedies and Remedial Rights, secs. 452 et seq.), arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests. "Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term and as it is used in the codes of the several states." It was the right of plaintiff to look for payment of his debt at the time it became due and at the place of payment, New York State. It was the duty of the deceased to pay the debt, not only when it became due, but at the place of payment, New York State. His failure in this regard gave rise to the cause of action, and, clearly therefore, that cause of action arose in the state of New York. In a legal sense the cause of action cannot have two places of origin. It can arise in but one place, and that, in such a case as this, is where the note is payable and the payee resides. As between the states the same rights are reserved by the constitution to the citizens of one that are accorded to the citizens of another. But beyond this, the ability of a creditor to pursue his debtor in foreign jurisdictions rests wholly upon comity and upon the laws of such jurisdiction. This cause of action, therefore, did not arise against the deceased in Europe, where he chanced to be, and, indeed, in the particular country of his location at the time of his default, no remedy may have been open to plaintiff. Whatever subsequent remedies by way of rights of action may have accrued to plaintiff because of the deceased's presence in various states and countries, they were one and all subordinate to and dependent upon the vital and essential fact that the cause of action had arisen against him in the state of New York. (*Story* v. *Thompson,* 36 Ill. App. 370; *Chevrier* v. *Roberts,* 6 Mont. 390, [12 Pac. 702]; *Doughty* v. *Funk,* 15 Okl. 643, [84 Pac. 484]; *McCann* v. *Randall,* 147 Mass. 81, [9 Am. St. Rep. 666, 17 N. E. 75].) We conclude,

therefore, upon this point that section 361 has reference only to the primary and original jurisdiction in which the cause of action arises, and does not contemplate other jurisdictions in which a cause of action may arise or accrue, depending upon the peripatetic inclinations of the defendant, and in the case at bar, unquestionably, the cause of action had its origin and primarily "arose" in the state of New York.

3. The last contention which appellant advances is that administration in this state being ancillary, no claim of a citizen of a foreign state can here be recognized at all, regardless of any question of the statute of limitations, but that such claim must be transferred to the court of primary jurisdiction. Undoubtedly, there is authority holding this view. Undoubtedly, also, this rule is ably controverted upon the ground that it is unsound in morals, as well as in law, and violates the constitutional guarantee of equal privileges and immunities to citizens. Reference herein may be made to the case of *Shegogg* v. *Perkins,* 34 Ark. 117, and to the conflicting views of the justices of that court upon the matter. In *Blake* v. *McClung,* 172 U. S. 239, [19 Sup. Ct. 165], it was declared that a state statute giving to residents of that state a priority over non-residents in the distribution of the assets of a foreign corporation is violative of article IV of the constitution of the United States giving equal privileges and immunities to the citizens of the several states, and as denying to every person within its jurisdiction the equal protection of the law. We find no statute of our state, which in terms, denies to a creditor and resident of a sister state the right to present his claim here, whether the administration in our courts be primary or ancillary, and, in view of the provision of the constitution of the United States above referred to, we should doubt the validity of such a statute if found upon our books. However, upon this matter it is necessary here to say no more than that since our statutes do not forbid, comity will dictate that such a claim should be entertained.

For these reasons the judgment appealed from is affirmed.

Lorigan, J., and McFarland, J., concurred.

Hearing in Bank denied.