[L. A. No. 2929.　Department One.—January 29, 1913.]

NATHANIEL C. FOSTER, Respondent, v. PHOEBE M. BUTLER, et al., Appellants.

MORTGAGE—FORECLOSURE—STATUTE OF LIMITATIONS—MORTGAGE EXECUTED OUT OF STATE—ABSENCE OF MORTGAGOR FROM STATE.—Under subdivision 1 of section 339 of the Code of Civil Procedure, the time within which an action can be brought to foreclose a mortgage securing a note, each of which were executed out of the state, is two years from the maturity of the indebtedness. So far as concerns the original mortgagor, under section 351 of that code, the time

during which he was absent from the state is not a part of the time limited for the commencement of the action.

ID.—WAIVER OF STATUTE BY MORTGAGOR—SUBSEQUENT PURCHASERS OR ENCUMBRANCERS NOT AFFECTED.—A mortgagor cannot, by waiving the bar of the statute of limitations, affect the right of a subsequent purchaser or encumbrancer of the mortgaged premises to insist, as to himself, that the action to foreclose the mortgage was not brought in time. This rule applies not only to cases where the waiver has been by express agremeent, but also to cases where the original mortgagor has lost his right to plead the statute by absenting himself from the state.

ID.—PURCHASER AT EXECUTION SALE AGAINST MORTGAGOR—COMMENCEMENT OF RUNNING OF STATUTE.—Where the mortgaged premises were purchased at an execution sale, after the maturity of the mortgage indebtedness, the statute of limitations commenced to run in favor of the execution purchaser, who was present in the state, and against the right of the mortgagee to foreclose the mortgage as to him, at least as early as the date on which the sheriff's deed to such purchaser was recorded.

ID.—QUIETING TITLE BY EXECUTION PURCHASER—PLAINTIFF NOT A "RESIDENT" OF STATE—STIPULATION.—In an action by such subsequent purchaser to quiet his title to the mortgaged premises as against the successors in interest of the mortgagee, a stipulation that the plaintiff had never been a "resident" of the state of California, is in no wise inconsistent with the fact of his physical presence there, and does not preclude him from setting up the bar of the statute against the mortgage.

ID.—NONRESIDENTS ENTITLED TO BENEFITS OF STATUTE.—Section 351 of the Code of Civil Procedure does not deprive nonresidents of the benefits of the statute of limitations. It merely excludes from computation the time during which any defendant, resident or nonresident, may have been out of the state.

ID.—JUDGMENT QUIETING TITLE—PAYMENT OF MORTGAGE INDEBTEDNESS—APPEAL FROM ORDER DENYING NEW TRIAL.—In such action, the contention that the plaintiff should not have had a judgment quieting his title without paying or offering to pay the mortgage debt, even though an action to foreclose the mortgage be barred, involves a consideration of the claim that the findings do not support the judgment. Such claim might properly be made on an appeal from the judgment, but is not involved and cannot be considered on an appeal from an order denying a new trial.

APPEAL from an order of the Superior Court of San Diego County refusing a new trial. W. R. Guy, Judge.

The facts are stated in the opinion of the court.

A. H. Sweet, and Sam Ferry Smith, for Appellants.

W. J. Mossholder, and Marks P. Mossholder, for Respondent.

SLOSS, J.—This action was brought by Nathaniel C. Foster against the personal representative and the heirs at law of Andrew O. Butler, deceased, to quiet plaintiff's title to a tract of land in San Diego County. The heirs answered, asserting an interest under a mortgage executed by Charles G. Wheeler, Foster's predecessor in interest, to Andrew O. Butler. The administrator with the will annexed of Butler's estate answered, denying plaintiff's title.

The court gave judgment in favor of plaintiff. The defendant heirs moved for a new trial, which was denied, and they now appeal from the order denying their said motion.

The cause was presented upon an agreed statement of facts. Upon this statement the court below found that the mortgage from Wheeler to Butler did not constitute a lien upon the premises, for the reason that the mortgage and the note secured by it were barred by limitation. The principal question raised by this appeal is whether this finding properly resulted from the stipulated facts which are as follows:

On July 3, 1899, Charles G. Wheeler, who was then the owner of the land in question, executed to Andrew O. Butler his promissory note for three thousand dollars, with interest, payable six months after date, together with a mortgage of the land to secure said note. Both Wheeler and Butler were residents of Chicago, and the note and mortgage were executed and delivered in that city. Neither of them, as we construe the statement, has since been in the state of California, "except that Wheeler was temporarily in the county of San Diego for about three weeks in March and April, 1902."

No part of the principal or interest on said note has been paid.

On March 2, 1901, Foster, the plaintiff herein, commenced an action in the superior court of San Diego County against Wheeler and, on the same day, a writ of attachment was duly issued in said action and levied upon the land in controversy as Wheeler's property. Wheeler appeared and answered. On March 21, 1902, a personal judgment was entered in said

action in favor of Foster and against Wheeler for some fourteen thousand dollars. On March 22, 1902, a writ of execution was issued and levied upon said land, and on April 24, 1902, the interest of Wheeler therein was sold by the sheriff, at execution sale, to the plaintiff Foster. A certificate of sale was duly issued to the purchaser, and a duplicate filed in the office of the county recorder on the same day. No redemption was made, and on June 18, 1903, the sheriff executed and delivered to Foster a deed of said property. The sheriff's deed was recorded on June 19, 1903. Foster has never parted with his title, and has, ever since, been in constructive possession of the premises.

Andrew O. Butler died at Chicago on the fifteenth day of January, 1902, leaving a will, which was admitted to probate by the superior court of San Diego County on July 1, 1904. Butler's only heirs were his widow and three sons, all of whom are defendants herein. The widow is sole legatee and devisee under the will. The plaintiff has never been a resident of the state of California.

The complaint in this action was filed on the eighteenth day of June, 1908. The answer of appellants, asserting the mortgage lien, was filed November 25, 1908. The mortgage debt was payable on February 3, 1900, and, since the note and mortgage were executed out of the state, the time within which an action of foreclosure could have been brought was that declared by subdivision 1 of section 339 of the Code of Civil Procedure, i. e., two years. Under section 351 of the same code, the time during which a person sued is absent from the state is not "part of the time limited for the commencement of the action." So far, then, as Wheeler, the original mortgagor, is concerned, his absence from the state would have debarred him of the right to set up the statute of limitations in defense to an action brought against him on the note and mortgage. But the plaintiff, as successor to the interest of the mortgagor, stands in a different position. It is settled by a series of decisions, extending over many years, that the mortgagor cannot, by waiving the bar of the statute, affect the right of a subsequent purchaser or encumbrancer of the mortgaged premises to insist, as to himself, that the action was not brought in time. The rule was applied at an early date to cases where the waiver had been by express

agreement. (*Lord* v. *Morris,* 18 Cal. 482; *McCarty* v. *White,* 21 Cal. 495, [82 Am. Dec. 754].) And no different question arises where the original mortgagor has lost his right to plead the statute by absenting himself from the state. (*Wood* v. *Goodfellow,* 43 Cal. 185; *Watt* v. *Wright,* 66 Cal. 202, [5 Pac. 91]; *Filipini* v. *Trobock,* 134 Cal. 441, [62 Pac. 1066, 66 Pac. 587]; *Brandenstein* v. *Johnson,* 140 Cal. 29, [73 Pac. 744]; *California Title Ins. & T. Co.* v. *Miller,* 3 Cal. App. 55, [84 Pac. 453].) "When third persons have subsequently acquired interests in the mortgaged property they may invoke the aid of the statute as against the mortgage, even though the mortgagor, as between himself and the mortgagee, may have waived its protection; and we see no difference in principle between a suspension of the running of the statute resulting from an express waiver, and one caused by his voluntary act in absenting himself from the state." (*Wood* v. *Goodfellow,* 43 Cal. 185.) "The law as to this point," said McFarland, J., in *Brandenstein* v. *Johnson,* 140 Cal. 29, [73 Pac. 744], "has been settled by former decisions of this court . . . , and there seems to be no necessity for discussing it as if the question were still an open one."

If the statutory period of limitation did not commence to run in favor of Foster, the respondent, as early as March 2, 1901, when, by virtue of the levy of his writ of attachment, he became the owner of a lien appearing of record (Code Civ. Proc., sec. 542), the statute was certainly set in operation, at the latest, on June 19, 1903, when the sheriff's deed to him was recorded. In either view the time for enforcing any rights under the mortgage against Foster's interest in the property had long expired when this action was brought. It is argued that the agreed statement shows that not only the original mortgagor, but the plaintiff himself, was, by reason of absence from the state, precluded from setting up the bar of the statute. (See *Commercial Sav. Bank* v. *Hornberger,* 140 Cal. 16, [73 Pac. 625].) But the facts do not support this contention. There is no stipulation that Foster was out of the state for a period sufficient to save the mortgagee's right to sue him, or, in fact, that he was absent at all. It is declared in the agreed statement that plaintiff has never been a resident of California, but, of course, the fact that one is not a resident of a place is in no wise inconsistent with his

physical presence there. (Pol. Code, sec. 52.) To bring the plaintiff within the exception of section 351, it would have been necessary to show that he was not in fact within the state for periods aggregating two years between the accrual of a cause of action against him and the commencement of the action. The section does not assume to deprive nonresidents of the benefits of the statute of limitations. What it does is to exclude from computation the time during which any defendant, resident or nonresident, may have been out of the state. The force of this distinction was evidently recognized by the defendants themselves, for in their answer they do not content themselves with alleging that Foster was a nonresident, but aver, in addition, that he had been absent from the state since the twenty-eighth day of March, 1901. The latter averment, however, did not find its way into the agreed statement of facts.

For these reasons the finding that the note and mortgage were barred by the statute of limitations cannot be held to be unsupported.

The appellants make the further contention that the plaintiff should not be permitted to quiet his title against the appellants without paying or offering to pay the mortgage debt, even though an action to foreclose the mortgage be barred. On the record before us, this point cannot be presented otherwise than by a claim that the findings do not support the judgment. Such claim might properly be made on an appeal from the judgment, but is not involved and cannot be considered on an appeal from an order denying a new trial (*Great Western etc. Co.* v. *Chambers,* 153 Cal. 307, 310, [95 Pac. 151], and cases cited), which is all that we have before us here.

The order is affirmed.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.