[Civ. No. 2638. Second Appellate District, Division One.—May 13, 1919.]

STATE NATIONAL BANK, Respondent, v. JOHN S. KERFOOT et al., Defendants; J. M. MONROE, Appellant.

[1] STATUTE OF LIMITATIONS—NOTE EXECUTED OUT OF STATE—ACTION TO RECOVER UNPAID BALANCE.—An action to recover the balance unpaid on a promissory note executed out of the state is not barred by the provisions of section 339 of the Code of Civil Procedure, where the action is commenced within less than two years after the arrival of the defendant within the state.

[2] ID.—ARRIVAL OF DEFENDANT IN STATE—INSUFFICIENT DEFENSE.—In such an action, a special plea that the defendant was in the state for more than two years after the cause of action accrued, when qualified by a specific admission that defendant did not arrive within the state until a given date, which was less than two years before the commencement of the action, does not constitute a defense thereto.

---

1. Applicability to nonresidents of statute suspending limitations against defendant who is out of state until his "return," note, 25 L. R. A. (N. S.) 24.

1. Sufficiency and effect of "return" to state by defendant to start statute of limitations running, note, 23 L. R. A. (N. S.) 547.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Morris M. Ferguson for Appellant.

Bicksler, Smith & Parke for Respondent.

CONREY, P. J.—Defendant Monroe's appeal from the judgment is presented upon the judgment-roll alone, which consists of an amended complaint, the answer thereto, the findings of fact and conclusions of law, and the judgment. There was no demurrer to said amended complaint. The findings recite the fact that, as alleged by the defendant, the action was commenced on or about October 11, 1913.

The plaintiff is a corporation existing and having its place of business at Oklahoma City, in the state of Oklahoma.

The action was brought to recover the balance unpaid on a promissory note made July 3, 1911, at Oklahoma City, due ninety days after date and payable at plaintiff bank at Oklahoma City. The complaint alleged that appellant, since the note became due, has been absent from the state of California about thirty days. The answer alleged that appellant left the state of Oklahoma during the latter part of October, 1911, and arrived in Los Angeles on or about November 1, 1911, and ever since that time has been within the state of California, except about three weeks in August, 1914 (which three weeks, therefore, were after the commencement of this action). The answer further pleads that the action is barred by the provisions of section 339 of the Code of Civil Procedure, it being an action to recover upon a contract founded upon an instrument in writing executed out of the state. The court found that appellant "has lived within the state of California since November 2, 1911."

The complaint further alleged that by mutual agreement of the parties to the note the time of payment thereof was extended to fall due January 25, 1913. The defendant denied this allegation, but the court found, presumably upon sufficient evidence, that by arrangement made between the plaintiff and appellant's joint co-obligors, said co-obligors

executed to plaintiff their promissory note for the unpaid balance of the principal note as collateral to said principal note, "in consideration that plaintiff extended the time of payment on the note sued upon herein to certain definite dates, which was done and executed."

[1] We think that the questions argued by counsel concerning the extension of the time of the maturity of the note need not be discussed on the decision of this appeal, since at all events the note sued on was due when this action was commenced, and we are of the opinion that upon the facts admitted by appellant in his answer the statute of limitations had not run in his favor on the obligation in question. For the action was commenced within less than two years after he arrived within the state of California. If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term limited by the statute, after his return to the state. (Code Civ. Proc., sec. 351.) In *Dougall* v. *Schulenberg*, 101 Cal. 154, [35 Pac. 635], the court said: "The defense of the statute of limitations must be specifically pleaded, otherwise a complaint is good although it shows on its face that the cause of action is barred. If, therefore, it was necessary for the plaintiff to allege that his case was within some exception to the statute of limitations, because it was presumably barred, it was only necessary for him to do so to prevent a demurrer on that ground. It was still necessary for the defendant to plead the statute to raise any issue upon that subject. . . . This plea is equivalent to saying that plaintiff's action was not brought within two years after the cause of action accrued; or, perhaps, in this case, to the statement that the defendant had been in this state for more than two years after the cause of action accrued and before the action was commenced." [2] So here, defendant's plea of the statute of limitations when considered separately from the other allegations of his answer, is equivalent to a statement that the defendant was in this state for more than two years after the cause of action accrued. But in this case that plea is qualified by the specific admission that appellant did not arrive within the state until the first day of November, 1911, which was less than two years before the commencement of the action.

In view of the facts above stated, we find no sufficient reason for sustaining defendant's appeal, which he argued only with reference to the matters above noted, and which he bases solely upon the ground "that the findings do not support the judgment and that there is a failure to find upon a material issue."

The judgment is affirmed.

Shaw, J., and James, J., concurred.