*In re* ESTATE OF BRAUNS.

CLAIM OF FIRST NATIONAL BANK OF APPLETON.

CLAIM OF HOLDEN.

1. EXECUTORS AND ADMINISTRATORS—CREDITORS—NONRESIDENTS— STATUTES.

In Michigan the statutory provisions for filing claims against estates of decedents apply alike to resident and nonresident creditors and also alike to domiciliary and ancillary administration (3 Comp. Laws 1929, §§ 15546, 15585, 15674, 15699– 15701).

2. SAME—ANCILLARY ADMINISTRATION—INSOLVENT ESTATES—CREDITORS.

While the primary object of ancillary administration of estates of deceased persons is to secure to resident creditors their just proportion of payment from the estate without the inconvenience and expense of presenting their claims to a court of foreign jurisdiction, where estate is insolvent, resident creditors are entitled to receive only *pro rata* payment of their claims the same as other creditors.

3. SAME—CREDITORS—INSOLVENT ESTATES—PRIVILEGES AND IM-
MUNITIES—EQUAL PROTECTION.

A statute or judicial determination providing for payment in
full of resident creditors of an insolvent estate while other
creditors would not be so entitled would be violative of pro-
visions of the Constitution of the United States entitling
citizens of each State to all privileges and immunities of
citizens in the several States and equal protection of the
laws (U. S. Const. art. 4, § 2, am. 14, § 1).

4. SAME—ANCILLARY ADMINISTRATION—INSOLVENT ESTATES—CRED-
ITORS.

Nonresident creditors of ancillary estate in this State, solvent as
to resident creditors but insolvent as part of domiciliary
estate, *held,* entitled to present claims for allowance in ancil-
lary administration in this State but permitted to participate
in assets of ancillary estate only after resident creditors are
paid *pro rata* to full extent of other creditors of estate of the
deceased (U. S. Const. art. 4, § 2; Am. 14, § 1; 3 Comp. Laws
1929, §§ 15546, 15585, 15674, 15699–15701).

Appeal from Dickinson; Bell (Frank A.), J. Sub-
mitted April 15, 1936. (Docket No. 107, Calendar
No. 38,792.) Decided September 2, 1936.

In the matter of the ancillary administration of
the estate of August E. Brauns, deceased. First
National Bank of Appleton, Wisconsin, and Edna
Slater Holden, of the State of Washington, pre-
sented their claims to the ancillary estate. From
disallowance of claims in probate court, plaintiffs
appealed to circuit court. Judgments for plaintiffs.
First National Bank of Norway, Michigan, a resi-
dent claimant, and Martin D. Thomas, ancillary ad-
ministrator, appeal. Affirmed.

*George Barstow* (*Crollard & O'Connor,* of coun-
sel for plaintiff Holden), for plaintiffs.

*Raymond Turner,* for First National Bank of
Norway.

*Symonds & Rahm,* for ancillary administrator.

NORTH, C. J. The question of law presented by this appeal is this: Are nonresident creditors entitled to have their claims presented for allowance in an ancillary administration in this State, the estate of the deceased, as a whole, being insolvent but there being assets in excess of local claims in Michigan.

Domiciliary administration of the estate of August E. Brauns, deceased, is pending in the State of Washington. Ancillary administration is pending in the probate court of Dickinson county, Michigan. Mr. Brauns died seized of both real and personal property located in Michigan. The appraised value of this property is somewhat in excess of claims allowed to Michigan creditors in the ancillary administration; but claims allowed in the domiciliary administration are very much in excess of the appraised value of the estate located in that jurisdiction. The estate as a whole is insolvent.

The appellees, the First National Bank of Appleton, Wisconsin, and Edna Slater Holden, are respectively residents of the States of Wisconsin and Washington. In the Michigan ancillary administration the former presented a claim of $12,895 and the latter one of $6,670.35. These claims, if allowed, would render the ancillary estate insolvent. From an order of the probate court disallowing the nonresident claims an appeal was taken to the circuit court. The circuit judge allowed these nonresident claims but reserved to the court the question of the right of such claimants to participate *pro rata* or otherwise with any other creditors whose claims were allowed in Michigan. The First National Bank of Norway, a Michigan creditor, and the Michigan ancillary administrator have appealed.

Appellants assert that to the extent necessary the assets of the ancillary estate should first be applied

in payment of the costs of ancillary administration and then to payment in full of Michigan creditors; and that thereupon the excess, if any, in the hands of the ancillary administrator, should be accounted for by him to the domiciliary estate. But appellees contend that they have a right to have their claims allowed in the ancillary administration and to participate *pro rata* in the Michigan assets; and that in any event the Michigan creditors should not be paid a larger percentage of their claims than is paid to all other creditors of the same class; and if necessary to accomplish this result, any funds in excess of the amount necessary to make *pro rata* payment to Michigan creditors (after payment of ancillary administration costs) should be accounted for to the domiciliary estate.

Some States have controlling statutory provisions. Formerly there were such provisions in Michigan. See R. S. 1838, part 2, title 4, chap. 8, §§ 21–25. The statute was subsequently changed. See R. S. 1846, chap. 68, § 24, now found in 3 Comp. Laws 1929, § 15546. At the present time the Michigan statute contains no provision for filing claims of nonresident creditors which differs in any way from the procedure prescribed for presenting claims of resident creditors, nor do we find a decision of this court which involves the identical question of law presented in the instant case. In support of their contention that local creditors should be paid in full from local assets appellants cite the following cases: *In re Stevens' Estate,* 171 Mich. 486; *In re Colburn's Estate,* 153 Mich. 206 (18 L. R. A. [N. S.] 149, 126 Am. St. Rep. 479); *Jones* v. *Turner,* 249 Mich. 403. In the cited cases and possibly in some other decisions of this court there are statements which seem to support appellants' contention; but these statements are found in cases which do not appear to in-

volve insolvent estates. Here we are concerned with the rights of nonresident creditors of an insolvent estate. This, we think, renders the portions of the cited opinions upon which appellants rely of little, if any, authoritative value, because the exact legal question here involved was not there presented nor considered.

The first question for determination is this: Was the circuit judge correct in holding that nonresident creditors had a right to present their claims for allowance in the ancillary administration? As noted above, in Michigan the statutory provisions for filing claims against estates apply alike to resident and nonresident creditors, and also alike to domiciliary and ancillary administration. We direct attention to the provisions contained in various sections of the Compiled Laws of 1929. In section 15585 provision is made for the administration of the estates of persons who at the time of death were inhabitants of this State, and also for the administration of estates of which persons died seized who were nonresidents. Subject to certain exceptions with which we are not here concerned, section 15674 provides for the appointment of commissioners, "to receive, examine and adjust *all claims and demands of all persons* against the deceased." Section 15699, after making provision for payment of preferred claims in an estate wherein the assets in the hands of the executor or administrator are not sufficient to pay debts in full, directs the payment of debts due to other creditors (other than preferred creditors); making no distinction between resident and nonresident creditors. We quote section 15700:

"If there shall not be assets enough to pay *all debts* of any one class, *each creditor* shall be paid a dividend in proportion to his claim; and no creditor

of any one class shall receive any payment until all those of the preceding class shall be fully paid.''

Section 15701 directs that the probate court shall order payment of the debts *"among the creditors,* as the circumstances of the estate shall require, according to the provisions of this chapter.'' Here again it is to be noted that no distinction is made between resident and nonresident creditors.

The American Law Institute's Restatement of the Law on Conflict of Laws contains the following which is pertinent to the question under consideration:

"Except as stated in section 496, (referring to cases where there are no local creditors in the ancillary jurisdiction) all creditors, regardless of where they are domiciled can prove their claims in any State in which administration proceedings have been instituted.'' Sec. 495, p. 601.

"All creditors of a decedent who have proved their claims in a competent court in which there are administration proceedings of the estate of that decedent are entitled to share *pro rata* in any application of the assets of the local administrator to the payment of claims irrespective of the source of such assets or of the residence, place of business, domicile or citizenship of the creditors.'' (Exceptions not here material are noted.) Sec. 497, p. 603.

Under the above section the following comment is made:

"(a) Under the Constitution of the United States a State cannot give a preference to its citizens as against the citizens of other States of the United States.''

"In the payment of creditors of an insolvent estate, the court in each State will, so far as possible,

secure *pro rata* payment of all claims." Sec. 501, p. 606.

"If the entire estate is insolvent, the court in each State in paying claimants who have proved their claims therein will pay only such proportion of each claim as, added to what the claimant has theretofore received in other States, will put him on an equality with the other creditors paid in the local court." Sec. 502, p. 606.

"Where the entire estate is insolvent, the court in which the administration proceedings are carried on will as far as possible marshal the assets under its control in such a manner as to secure to all creditors a *pro rata* percentage of their claims." Sec. 503, p. 607.

In Corpus Juris the law is thus stated:

"In a few jurisdictions it is held that only local creditors can prove their claims in the ancillary jurisdiction; but the general rule is that nonresidents as well as residents may prove their claims in the ancillary jurisdiction, leaving the question of payment to be dealt with afterward when the solvency or insolvency of the whole estate is to be considered." 24 C. J. p. 1124.

Consideration is given to the manner in which insolvency affects payment of claims against an estate in 11 R. C. L. p. 444, § 546. We make a partial quotation:

"Where the ancillary estate is insolvent and the principal estate solvent, it seems that nonresident creditors should look to the latter for payment; but where both estates are insolvent nonresident creditors may share in both, although apparently they will not be permitted to receive, in the aggregate, a larger per cent. than resident creditors receive from the ancillary estate."

In the instant case Mr. Brauns died seized of both real and personal property subject to ancillary ad-

ministration in Michigan. In *Goodall* v. *Marshall,*
11 N. H. 88 (35 Am. Dec. 472), the advisability, if
not the necessity, of permitting nonresident credi-
tors to file claims in ancillary administration pro-
ceedings wherein the assets in part consist of real
estate, is convincingly pointed out. We forego
lengthy quotation from the above case and content
ourselves with calling attention to it by citation.

An instructive note on the subject under consider-
ation, including comment on the difficulties attendant
upon carrying out ancillary administration in con-
junction with administration in other jurisdictions,
will be found in 44 A. L. R. 803. We quote a single
sentence:

"The delay would undoubtedly be considerable,
but this would not be so great an evil as either send-
ing our citizens abroad, upon a forlorn hope, to seek
for the fragments of an insolvent estate, or paying
the whole of their debts out of the property without
regard to the claims of foreign creditors."

Primarily the object of ancillary administration
is to secure to local creditors their just proportion
of payment from the estate of the deceased without
being subjected to the inconvenience and expense of
presenting their claims to a court of foreign juris-
diction. But the great weight of authority is to the
effect that resident creditors of insolvent estates are
entitled to receive only *pro rata* payment of their
claims, the same as other creditors. An attempt to
provide by statute or to hold by judicial determi-
nation that local creditors of an insolvent estate
were entitled to be paid in full while other creditors
were not, would clearly seem to violate the following
provisions of the Federal Constitution:

"The citizens of each State shall be entitled to all
privileges and immunities of citizens in the several
States." Art. 4, § 2.

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; * * * nor deny to any person within its jurisdiction the equal protection of the laws." Am. 14, § 1.

The question under consideration was reviewed by the supreme court of California. We quote:

"The last contention which appellant advances is that administration in this State being ancillary, no claim of a citizen of a foreign State can here be recognized at all, * * * but that such claim must be transferred to the court of primary jurisdiction. * * * In *Blake* v. *McClung,* 172 U. S. 239 (19 Sup. Ct. 165), it was declared that a State statute giving to residents of that State a priority over nonresidents in the distribution of the assets of a foreign corporation is violative of article 4 of the Constitution of the United States giving equal privileges and immunities to the citzens of the several States, and as denying to every person within its jurisdiction the equal protection of the law. We find no statute of our State which, in terms, denies to a creditor and resident of a sister State the right to present his claim here, whether the administration in our courts be primary or ancillary, and, in view of the provision of the Constitution of the United States above referred to, we should doubt the validity of such a statute if found upon our books. However, upon this matter it is necessary here to say no more than that since our statutes do not forbid, comity will dictate that such a claim should be entertained." *McKee* v. *Dodd,* 152 Cal. 637 (93 Pac. 854, 14 L. R. A. [N. S.] 780, 125 Am. St. Rep. 82).

In accord with the authorities hereinbefore cited, we affirm the decision of the circuit judge that appellees, although they were nonresidents, were entitled to present their claims for allowance in the ancillary administration proceedings in this State. But in the Michigan ancillary administration local creditors

should be paid their *pro rata* to the full extent that other creditors will be paid out of the estate of the deceased before nonresident creditors are permitted to participate in Michigan assets.

Judgment entered in the circuit court is affirmed, with costs to appellee.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.