[Civ. No. 11012. First Appellate District, Division One.—February 20, 1940.]

AUGUSTA CVECICH, Respondent, v. LUCY GIARDINO, Appellant.

Joseph E. Tinney and Charles P. Molinari for Appellant.

Julian H. Biddle for Respondent.

PETERS, P. J.—Defendant appeals from a judgment in favor of plaintiff in the sum of $4,000 plus interest. Appellant's sole contention is that, when the complaint was filed, the cause of action was barred by the statute of limitations. Appellant concedes executing the obligation forming the basis of the action, that she has not paid it, and that she has no defense on the merits.

The facts are not in dispute, and are as follows: On April 2, 1929, in New Jersey, appellant, a resident of New Jersey, executed her written bond wherein she agreed to pay respondent, Augusta Cvecich and her husband, both residents of New York, the sum of $4,000 on April 1, 1932. This obligation was payable in New York. It was secured by a mortgage on New Jersey real estate. Respondent has become the sole owner of that obligation. The debt was not paid when due. Prior liens on the real property were foreclosed, so that respondent's security was rendered valueless. Respondent

commenced this action in California on February 23, 1937 (approximately five years after the due date of the obligation), and attached certain property of the appellant in this state. Respondent at all times involved herein was a resident of New York. She brought this action through her attorney, she at no time being physically present in this state. Appellant appeared in the action through her attorney, she being at all times involved herein a resident of New Jersey. At no time has she been physically present in this state. The trial court found that the cause of action was not barred by either the statute of limitations of California or of New York. There is some dispute as to whether, if suit had been brought in New York, a twenty-year statute of limitations dealing with sealed contracts, or a six-year statute of that state dealing with written contracts, would be applicable. This dispute is immaterial because, under either provision of the New York law, the action was commenced in this state before it was barred in New York.

It is the theory of appellant that the cause of action was barred by section 337, subdivision 1, of the Code of Civil Procedure, which prescribes a four-year period for the commencement of actions upon any written contract or obligation.

It is conceded that the action having been brought in California is governed by the statute of limitations of this state. (16 Cal. Jur., p. 411, sec. 22.) It is the theory of respondent, which theory was adopted by the trial court, that, under the law of this state, since the defendant was out of the state from the inception of the obligation until she appeared by attorney herein, the statute was tolled during that period, and would continue to be tolled, plaintiff being a nonresident, until barred by the statute of limitations of New York, where the obligation was payable. This contention is predicated upon the provisions of sections 361 and 351 of the Code of Civil Procedure.

Section 361 provides: "When a cause of action has arisen in another state, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state, except in favor of one who has been a citizen of this state, and who has held the cause of action from the time it accrued." Under this section, the cause of action having arisen in New York,

and plaintiff being a nonresident of this state, the New York statute of limitations—in the present case not less than six years—prescribes the maximum period within which the present action could have been brought in California. The present action was commenced well within this maximum period.

Section 351 of the Code of Civil Procedure provides: "If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

■ Appellant contends that, because the section uses the expression "return" to this state, the section has no application to a nonresident defendant who, at no time until she appeared in this action, was ever in this state; that such a defendant could not "return" to a state that she has never entered; that to "return" to a state the defendant must have previously entered this state. Further, it is the contention of appellant, that section 351 does not apply where both the plaintiff and defendant are nonresidents of this state, but only applies in favor of residents. Both contentions are unsound.

If appellant's construction of section 351 were adopted, so that the section were held to apply only where the defendant has at some time before the filing of the action been within the state, has thereafter left the state, and then returned, it would lead to confusion and unfairness. The result of appellant's construction would be, since it depends upon the facts pertaining to the defendant's absence from the state, that a *resident plaintiff* could not rely on section 351 as tolling the statute as against a nonresident defendant who had not come into this state prior to action brought. It would seem that the statute was not intended to have that result.

Moreover, if appellant's construction were adopted, it would lead to confusion. At what time must the defendant have been within the state prior to the commencement of the action? Must he have been within the state at some time after the creation of the obligation, and then left and returned, or is it sufficient that he may have been within the state at some remote past time? It would seem unlikely that the legislature could have intended that the operation of the

statute should turn upon such uncertain and immaterial factors.

There is no case in California directly passing on this point. There are several cases, however, interpreting section 351 of the Code of Civil Procedure to which reference should be made. In *Dougall* v. *Schulenberg*, 101 Cal. 154, 157 [35 Pac. 635], an action was brought upon a promissory note executed and payable in Canada. Both makers were nonresidents and so continued until within a period of less than two years before commencement of suit. The court said: "Since the notes were in express terms payable in Ontario, and both of the payors were nonresidents of this state when the cause of action accrued, the statute only commenced to run in their favor when they came to this state, and if afterwards they left the state the time they were so absent would not be a part of the time within which the suit must be commenced. (Code Civ. Proc., sec. 351.)"

In *McKee* v. *Dodd*, 152 Cal. 637 [93 Pac. 854, 125 Am. St. Rep. 82, 14 L. R. A. (N. S.) 780], action was brought on a claim based on notes executed in 1891 in New York and there payable before expiration of the year. Both maker and payee were residents of that state. The maker came to California in June, 1892, and remained until April, 1893, when he went to Honolulu and there resided until his death in 1900. During his Honolulu residence he made several short visits to San Francisco. If section 351 applied, the action was in time. Citing *Dougall* v. *Schulenberg, supra,* the court held that the action was in time. It should be noted that plaintiff in this case was a nonresident of California.

In *Chappell* v. *Thompson*, 21 Cal. App. 136, 138 [131 Pac. 82, 83], the action was upon an Iowa judgment, brought more than six years after rendition of the judgment. In Iowa action could be brought on a judgment within fifteen years. In holding that the California action was not barred the court said: "Omitting all reference to the provision contained in section 351, 'the weight of authority is that the statute of the forum does not begin to run until the defendant comes within the jurisdiction in which suit is brought, and that the time elapsing between the accrual of the right of action in the foreign state and the acquiring of domestic residence forms no part of the statutory period of the forum.' (Annotator's note to *Rutledge* v. *United States Savings &*

*Loan Co.,* 5 Am. & Eng. Ann. Cas. 542.)'' (See, also, *Foster* v. *Butler,* 164 Cal. 623 [130 Pac. 6].)

None of these cases, it is true, involved a nonresident defendant who never was physically present in the state. However, they are persuasive. None of the cases emphasized the fact of former presence in this state. The emphasis that appellant seeks to place upon the word ''return'' in section 351 is unwarranted. She contends that, solely because of the use of that term, the legislature intended to require that, before the section operates to toll the statute, the defendant must have been in this state, left it, and returned to it. While it is true that normally the term ''return'' carries with it the implication of coming back after having first been here, the term as used in statutes of limitations, and particularly in statutes of the nature of section 351, has quite uniformly been interpreted to mean that the section applies so as to toll the statute not only where the defendant was once a resident of the state and leaves it and returns, but also where the defendant has never been in, or resided in, the state until the filing of the complaint. The term as used in statute of limitations has come to have this special meaning. The applicable principles, supported by authorities from many states (Texas alone being cited to the contrary), are stated as follows in 17 Ruling Case Law, page 837, section 199: ''According to the generally accepted doctrine, if the statute provides that the period of limitation shall not run in favor of a debtor who is absent from or out of the state, the saving clause extends to foreigners, or those who have never resided in the state, as well as to citizens who may be temporarily absent. Whether the defendant be a resident of the state, and only absent for a time, or whether he resides altogether out of the state, is immaterial. He is equally within the proviso. If the cause of action arose out of the state, it is sufficient to save the statute from running in favor of the party to be charged until he comes within its jurisdiction. This has been the uniform construction of the English statutes, *which also speak of the return from beyond seas of the party so absent.* So, unless the statute otherwise provides although a nonresident debtor has property within the state, the operation of the statute is suspended while he is absent from the state. . . . It is also generally held in this connection that *the doctrine that such exceptions are applicable to*

*nonresidents is not affected by the fact that the statute provides for the bringing of the action within a certain time after the return of the debtor to the state,* it being declared that the word applies as well to persons coming from abroad as to citizens from a state going abroad and then returning. This is also in line with the construction of the word 'return', as used in the English statute in speaking of the return from beyond the seas of the party absent, which has always been construed as including both Englishmen who went abroad occasionally and foreigners residing abroad." (Italics ours.)

The above interpretation is in accord with the construction given to the California law by the Circuit Court of Appeals for the Second Circuit in *Irving Nat. Bank* v. *Law,* 10 Fed. (2d) 721. In that case, in discussing a legal situation substantially similar to the one here involved, the court stated (p. 722): "The law of California (Code Civ. Proc., Cal., sec. 351) tolls the statute against a nonresident who has never been in the state. 'Return' is equivalent to 'enter'. (*Foster* v. *Butler,* 164 Cal. 623, 130 Pac. 6; *Dougall* v. *Schulenberg,* 101 Cal. 154, 35 Pac. 635; *McKee* v. *Dodd,* 152 Cal. 637, 93 Pac. 854 [14 L. R. A. (N. S.) 780, 125 Am. St. Rep. 82].)"

In view of the above-cited authorities it must be held that the fact that appellant did not enter this state until after the filing of the complaint is an immaterial factor.

The appellant's second point is that section 351 of the Code of Civil Procedure does not operate in favor of a nonresident plaintiff. No provision of the statute is referred to upon which such a limitation can be predicated. It is appellant's theory that on general principles such a limitation should be read into the statute. Although there is some slight conflict in the authorities on this subject, the over-whelming weight of authority is that a statutory provision suspending the statute of limitations while defendant is a nonresident is not affected by the nonresidence of the party asserting the cause of action. There is an exhaustive annotation on this exact problem in 83 A. L. R. 271. At page 273 the majority rule, supported by the citation of many cases from fifteen different states, is stated to be as follows: "According to the weight of authority, in the absence of a statute to the contrary, a provision in a statute of limitations that the period of limitation upon a cause of action shall not be considered as running while the person against whom the cause exists

is a nonresident, or without the state, must be given effect notwithstanding the nonresidence of the person in whose favor the cause exists.''

Again at page 274 it is stated: ''The majority rule, as stated above, covers cases where neither the plaintiff nor the defendant was a resident of the forum at the time the cause of action accrued. Those cases obviously cover causes of action accruing in foreign jurisdictions.''

California has at least inferentially aligned itself with the majority rule, because in *McKee* v. *Dodd, supra,* it was noted in the opinion (152 Cal., at p. 639) that the plaintiff, who was a resident of New York at the time of the execution of the note, continued to reside there. Nevertheless, section 351 was held applicable.

One of the cases adopting the majority rule is *Meyers* v. *Credit Lyonnais,* 259 N. Y. 399 [182 N. E. 61, 83 A. L. R. 268], decided by the New York Court of Appeals. That case involved, as does the instant case, a nonresident plaintiff and a nonresident defendant, the action being brought on a foreign claim. Many cases are collected and commented on in that opinion upholding the majority rule.

The reasoning upon which the majority rule is predicated is sound. The cases adopting this rule point out that the statute makes no express exception of nonresident plaintiffs. For the courts to insert such a limitation would be to judicially legislate. Moreover, these cases point out, the courts should not discriminate against nonresident plaintiffs.

It is true that there are a few cases, mainly from New Jersey and Oregon, which have adopted the contrary view. (See cases collected 83 A. L. R. 276.) These cases are far in the minority, and, in our opinion, are unsound.

The contention made by appellant in the instant case that if California should adopt the majority rule it will result in a flood of foreign claims being sued on in this state, resulting in the overburdening of the local courts, is not convincing. In the many states that have adopted the majority rule there is nothing to indicate such a result. This same argument was advanced in several of the cases adopting the majority rule but those courts did not find it controlling. (*Hatch* v. *Spofford,* 24 Conn. 432; *Paine* v. *Drew,* 44 N. H. 306.) Moreover, section 361 of the Code of Civil Procedure, quoted *supra,* pro-

vides an ample safeguard against the enforcement of stale foreign claims in this state.

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.