[No. B015180. Second Dist., Div. Four. Dec. 6, 1985.]

LINDA L. LEWIS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ANDRE PERRET, Real Party in Interest.

**COUNSEL**

Bartlett & West and Michael J. Bartlett for Petitioner.

No appearance for Respondent.

Spray, Gould & Bowers, Richard C. Turner and George M. Wallace for Real Party in Interest.

---

## OPINION

**WOODS, P. J.**—This proceeding in mandate requires determination of whether a statute of limitations controlling commencement of actions may be tolled under certain circumstances where an unforeseeable accident renders it impossible for plaintiff's attorney to file within the statutory period.

The facts are simple and not in dispute.

On March 17, 1983, plaintiff was seriously injured when her automobile was struck from the rear by defendant's automobile. Plaintiff retained Attorney Bartlett, a sole practitioner, to represent her. Bartlett contacted defendant's insurer and obtained payment of property damages and engaged in settlement negotiations as to plaintiff's personal injury, medical expenses, and general damages.

Settlement negotiations continued and Bartlett calendared March 16, 1984, for the filing of a complaint if settlement was not finalized.

On March 12, 1984, Bartlett was struck by an automobile as he walked across Civic Center Drive to enter the Orange County Superior Court for trial of another case. He suffered severe, life-threatening injuries to his head and body that totally disabled him mentally and physically beyond the March 17, 1984, deadline for filing plaintiff's personal injury complaint. Bones in Bartlett's forehead were crushed; his temple bones, facial bones and nose were fractured; his ribs and legs suffered multiple fractures, and he developed a cerebral hematoma.

Emergency surgery was performed and Bartlett remained in the Western Medical Center Hospital intensive care unit until recovering consciousness on March 22. He thereafter suffered both long-term and short-term amnesia and was unable to remember events of the past month and events occurring on a previous day.

Approximately one month after the injury, Bartlett was released from the hospital. On April 16, Bartlett returned to his office working for about two hours per day several days each week. Plaintiff was not notified of Bartlett's accident until after his return to work.

On or about April 27, Bartlett discovered his omission to file plaintiff's complaint by March 17. Bartlett, a sole practitioner, had no attorney to cover his filing requirements for him during his illness, and because of the disruptive timing and severity of his injuries, his secretary did not pull the calendared case files for his attention until after March 17. The action was commenced April 27, 1984.

Defendant filed a motion to strike from the complaint all allegations pertaining to personal injuries on the ground that they were barred by the one-year period of limitation under section 340, subdivision (3) of the Code of Civil Procedure.[1]

Plaintiff filed opposition that was supported by the declaration of attorney Bartlett reciting the events here recounted.

Respondent granted defendant's motion, stating in its minute order of May 13, 1985, that "The cases cited by plaintiff do not support his position that under the circumstances here, the Statute of Limitations is tolled."

On July 17, 1985, the petition for mandate was filed. We issued the alternative writ, determining that the remedy of appeal from an eventual judgment of dismissal is inadequate under the circumstances, and that the issue presented is one of first impression calling for prompt determination. (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379]; *Brown* v. *Superior Court* (1971) 5 Cal.3d 509, 515 [96 Cal.Rptr. 584, 487 P.2d 1224].)

I

Section 312 provides that "Civil actions, without exception, can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, unless where, in special cases, a different limitation is prescribed by statute." Section 340, subdivision (3), prescribes that an action for personal injury be commenced within one year after accrual of the cause.

Sections 351 through 356 set forth circumstances tolling the limitations period: section 351 (absence of defendant from the state); section 352 (minority, insanity, imprisonment of plaintiff); section 352.5 (defendant subject to independent order of restitution for the injury as condition of probation); section 353 (death of plaintiff); section 353.1 (state court assumes jurisdiction over practice of plaintiff's attorney due to legal or other causes); section

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise specified.

354 (state of war bars plaintiff's access to court); and section 356 (commencement of action stayed by injunction or statutory prohibition).

■ Careful comparison of these statutory exceptions reveals the manifest common legislative purpose of attempting to avoid unjust application of statutes of limitation where circumstances effectively render timely commencement of action impossible or virtually impossible.[2] Certain of the exceptions are apparently fashioned in response to very early cases wherein unjust results occurred for lack of a particular express tolling exception. (See *Tynan* v. *Walker* (1868) 35 Cal. 634, 640-644.) The Legislature in 1872 formulated its exceptions by specification of circumstances, rather than by direct statement of general principle. Of course it could not then predict all of the circumstances that come within the purpose of the tolling exceptions which could prevent timely filing. It is therefore appropriate for courts to construe the statutory tolling scheme and implicit tolling exceptions to effect the ostensible legislative purpose. (*Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399, 409-410 [154 P.2d 399].)

II

Preliminarily, it is useful to point out that there is ample precedent for judicial construction of implicit tolling exceptions in appropriate circumstances.

Early California cases adopted, from English cases, a strict view against implicit exceptions to statutes of limitations, unless the particular circumstances at bench were clearly encompassed in the statutory language. (*Tynan* v. *Walker, supra,* 35 Cal. 634.)

■ However, the Supreme Court more recently construed the equity doctrine of estoppel as an implicit tolling exception. (*Benner* v. *Industrial Acc. Com.* (1945) 26 Cal.2d 346, 350 [159 P.2d 24]; accord *Muraoka* v. *Budget Rent-A-Car, Inc.* (1984) 160 Cal.App.3d 107, 115-116 [206 Cal.Rptr. 476]; *Kunstman* v. *Mirizzi* (1965) 234 Cal.App.2d 753, 755-756 [44 Cal.Rptr. 707]; *Langdon* v. *Langdon* (1941) 47 Cal.App.2d 28, 31-32 [117 P.2d 371].) Early cases had rejected the possibility of estoppel an as implicit tolling exception upon the rationale that circumstances creating an estoppel were not explicitly specified by any of the statutory exceptions. (See *Tynan* v. *Walker, supra,* 35 Cal. at pp. 640-644.) Defendant acknowledges this "non-statutory exception," and argues only that it is inapplicable under the present facts.

---

[2]In 1872 the Legislature concurrently codified the general maxim of jurisprudence that citizens should not be prejudiced at law by the impossibility of performance. "The law never requires impossibilities." (Civ. Code, § 3531.)

A second instance of judicial recognition of implicit tolling circumstances occurred with regard to section 351. Section 351 provides: "If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he *departs from the state,* the time of his absence is not part of the time limited for the commencement of the action." (Italics added.)

■ Although it has been pointed out that the Legislature's use of the terms "return to the state" and "depart from the state" would not literally apply to a nonresident defendant who was never in the state (63 Harv. L.Rev. (1950) 1225-1226), it has been held that, upon pragmatic considerations of fairness, section 351 contemplated tolling "where the defendant has never been in, or resided in, the state until the filing of the complaint." (3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 492, p. 521; *Cvecich* v. *Giardino* (1940) 37 Cal.App.2d 394, 397-400 [99 P.2d 573]; *Foster* v. *Butler* (1913) 164 Cal. 623, 628 [130 P. 6].)

A third instance of judicial construction of an implicit tolling exception exists with regard to section 355. In *Bollinger* v. *National Fire Ins. Co.,* *supra,* 25 Cal.2d at page 399, the Supreme Court construed section 355, which, by its language, tolls statutes of limitation for one year where a plaintiff timely commences action and a judgment favorable to him is reversed on appeal. In *Bollinger,* the plaintiff had submitted a claim of loss to his insurer and commenced action immediately after the insured denied coverage but before the 30-day waiting period specified in the contract of insurance had elapsed. The defendant insurer obtained numerous continuances of trial. At trial, after presentation of plaintiff's case, defendant successfully moved for nonsuit on the procedural ground that the action was fatally premature. It was now beyond the applicable statute of limitations for commencement of a new action.

The *Bollinger* court held that the nonsuit was erroneously granted. ■ It held that fairness and equity required construction of the principle underlying the language of section 355 to extend to situations where the defendant obtained a nonsuit in the trial court rather than a reversal on appeal. *Bollinger* pointed out that "the running of the statute of limitations may be suspended by causes not mentioned in the statute itself. [Citations.] It is settled in this state that fraudulent concealment by the defendant of facts upon which a cause of action is based [citation] or mistake as to the facts constituting the cause of action [citation] will prevent the running of the period . . . ." (*Id.,* at p. 411.) The court observed that where the Legislature formulates tolling exceptions by specification of particular circumstances, rather than statement of a general principle requiring tolling, judicial ascertain-

ment and promotion of the broad underlying policy is necessary. (*Id.*, at pp. 409-410.)

A fourth implicit tolling exception was acknowledged in *Elkins* v. *Derby* (1974) 12 Cal.3d 410 [115 Cal.Rptr. 641, 525 P.2d 81]. ■ There the Supreme Court held that where the plaintiff, having in diligence and good faith elected to pursue an alternative administrative remedy without success, the statute of limitations is tolled for that pendency period irrespective of whether the administrative remedy first pursued is prerequisite to the commencement of the legal action. ■ *Elkins* reiterated the statement first made in *Bollinger, supra*, 25 Cal.2d at page 410, that courts may construe implicit exceptions where purely technical application of procedural rules would result in manifest injustice. (*Elkins* v. *Derby, supra*, at p. 420, fn. 9.) (See also *Nichols* v. *Canoga Industries* (1978) 83 Cal.App.3d 956, 963 [148 Cal.Rptr. 459], where the "equity based decisional rule of tolling" established in *Bollinger, supra*, and *Elkins, supra*, is discussed.)

Additional precedent is found in the implicit exceptions attributed to section 583.310, which limits the period within which trials must be commenced.

The absence of specific statutory exception to section 583 was held by early cases to preclude recognition of estoppel as an implicit tolling exception. (*Miller & Lux Inc.* v. *Superior Court* (1923) 192 Cal. 333, 339 [219 P. 1006].) Yet, modern cases came to acknowledge this implicit exception (*Woley* v. *Turkus* (1958) 51 Cal.2d 402, 408 [334 P.2d 12]), and it was subsequently codified in 1984 in section 583.140.

A second implicit tolling exception judicially construed relative to section 583 is that of "impossibility, impracticability or futility." (*Christin* v. *Superior Court* (1937) 9 Cal.2d 526, 532-533 [71 P.2d 205].) No such exception was expressly provided for by that statute.

In *Christin* v. *Superior Court, supra*, 9 Cal.2d 526, 532-533, the Supreme Court acknowledged that the language of section 583 (as it then read) was absolute and mandatory in requiring dismissal of civil actions wherein trial had not been commenced within five years and no extension of that period had been stipulated to by the defendant. Nevertheless, the court construed the otherwise absolute language of section 583 to implicitly provide for exceptions in cases where commencing trial within the statutory period would be "impossible," "impractical" or "futile." It was reasoned that: "The purpose of the statute is plain: to prevent *avoidable* delay for too long a period. It is not designed arbitrarily to close the proceeding at all events in five years, for it permits the parties to extend the period without limitation

by written stipulation. And, as we have already pointed out, despite the mandatory language implied exceptions are recognized." (*Id.*, at p. 532; italics in original.)

Since the judicial construction of the "impossible, impracticable or futile" exception to section 583, the courts have applied it on a case-by-case basis to prevent patently unjust consequences where the failure to comply with the statute is not attributable to fault on the part of the plaintiff or his counsel. (*J.C. Penney Co.* v. *Superior Court* (1959) 52 Cal.2d 666, 671 [343 P.2d 919]; *Rose* v. *Knapp* (1951) 38 Cal.2d 114, 117 [237 P.2d 981]; *Reserve Ins. Co.* v. *Universal Underwriters Ins. Co.* (1975) 51 Cal.App.3d 57, 61 [123 Cal.Rptr. 763].)

In 1984 the Legislature finally codified this judicially created exception in subdivision (c) of section 583.340. The statute now allows extension of the five-year period where "Bringing the action to trial, for any other reason, was impossible, impracticable or futile." (Stats. 1984, ch. 1705.)

While it is true that the purposes served by statutes of limitation and section 583.310 are not coterminous, the common purposes served by these parallel statutes permit a parallel, but narrower, implied exception to statutes of limitations.

■ It has been pointed out that statutes of limitation serve a public policy consideration somewhat more important than those served by section 583.310. Both types of statutes serve the common purpose of preventing prosecution of stale claims where defendants could be prejudiced by loss of evidence and diminished memories of witnesses. Both types of statutes also serve to protect defendants from the annoyance of having unmeritorious claims against them unresolved for unreasonable periods of time. (*General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 91 [52 Cal.Rptr. 460, 416 P.2d 492]; *Nichols* v. *Canoga Industries* (1978) 83 Cal.App.3d 956, 964-965 [148 Cal.Rptr. 459].) But only statutes of limitation also promote the early accrual of the defendant's right of formal discovery by requiring the plaintiff to file an action within a reasonable time. (*General Motors Corp.* v. *Superior Court, supra,* at p. 91.) This additional purpose does not so distinguish statutes of limitation from section 583.310 so as to require under all circumstances that they be automatically applied without consideration of implicit exceptions.

Pertinent to this point is the recognition in *Elkins* v. *Derby, supra,* 12 Cal.3d at page 417, that the primary purpose of statutes of limitations—to protect defendants from prejudices resulting from stale claims—does not

operate to compel strict application of the statute where the plaintiff has diligently acted so as to provide the defendant with prompt notice of the claim. In *Elkins,* the employee's prosecution of an inappropriate worker's compensation claim before learning his correct remedy was a civil action against the employer was determined to have given the eventual defendant prompt notice of the claim and of the need to commence investigation and preservation of material evidence. (*Id.,* at pp. 417-418.)

## III

 The precise circumstance of impossibility involved in this action is not expressly described as a tolling exception under sections 351 through 356. However, consideration of the general purpose of the tolling statutes, and the nature of the tolling circumstances specified in section 353.1 in particular, leads us to the conclusion that the circumstances here presented require a statutory construction recognizing an implicit tolling exception.

The Legislature has, as recently as 1983, manifested a special interest in protecting plaintiff clients against the running of statutes of limitation where their retained counsel has become, for virtually any reason, incapable of performing the professional responsibility of effectively representing the client's claim by timely commencing action thereon.

Section 353.1 (added Stats. 1983, ch. 254, § 3) provides, in substance, that where a plaintiff ". . . is represented by an attorney over whose practice a court of this state has assumed jurisdiction" under specific provisions of the Business and Professions Code, and for this reason files an application with a court of competent jurisdiction to assume jurisdiction over that attorney's practice before the applicable statute of limitations runs on the client's claim, the client has six months from the entry of the order within which to commence his action where the applicable statute "otherwise would have expired."

The actual jurisdictional circumstances referred to by statutory reference in section 353.1 are specified in sections 6180 (eff. 1975) and 6190 (eff. 1976) of the Business and Professions Code, respectively, as follows: "When an attorney engaged in law practice in this state dies, resigns, becomes an inactive member of the State Bar, is disbarred, or is suspended from the active practice of law and is required by the order of suspension to give notice of such suspension, leaving an unfinished client matter for which no other active member of the State Bar with the consent of the client

has agreed to assume responsibility . . . the courts of this state shall have jurisdiction, as provided in this article." (Bus. & Prof. Code, § 6180.)

"The courts of this state shall have the jurisdiction as provided in this article when an attorney engaged in the practice of law in this state has, *for any reason*, including but not limited to excessive use of alcohol or drugs, *physical or mental illness, or other infirmity or other cause, become incapable of devoting the time and attention to, and providing the quality of service for, his or her law practice which is necessary to protect the interest of a client if there is an unfinished client matter* for which no other active member of the State Bar, with the consent of the client, has agreed to assume responsibility." (Bus. & Prof. Code, § 6190; italics added.)

Surely, this language compels relief where, as here, the attorney was rendered totally disabled due to an unforeseen accident; was wholly incapable of performing his professional responsibility; and his disability commenced only five days before the running of the limitations period. The plaintiff client had promptly retained the attorney immediately after sustaining her personal injuries and the attorney diligently pursued the matter and was actively negotiating a settlement when the disability struck. Further, plaintiff was not notified of the disability of her attorney, nor of the failure to timely commence her action, until after the limitation period had expired. It would be absurd to attribute to the Legislature an intent to construe the language and underlying purpose of section 353.1 so narrowly as to benefit a plaintiff whose attorney became incompetent to practice near the commencement of the statutory period yet deny similar relief to a plaintiff whose attorney suffers the same onset of professional incompetence or license suspension only days before the period expired.

 We do not construe section 353.1 as contemplating application only to clients who were represented by such an attorney when the client's cause of action accrued. This would be an unreasonably restrictive construction of a tolling exception that evidences a broad and liberal public policy. (*Bollinger* v. *National Fire Ins. Co., supra*, 25 Cal.2d 399.) To construe section 353.1 circumstances to be subject to the general rule of section 357—that the "disability" must have existed when the right of action accrued—would be absurd in a personal injury situation and would exclude nearly all of the plaintiffs clearly intended for protection under the specific tolling provisions of section 353.1. It would also lead to absurd results to benefit only a plaintiff whose attorney became disabled before or concurrently with the accrual of his client's cause of action, and disqualify all others. We find that the view favoring a reasonable and fair construction of

tolling statutes expressed in *Bollinger* v. *National Fire Ins. Co., supra,* at pages 409-411, compels a construction that does not diminish the class of clients to be protected.

Accordingly, while the particular circumstance of impossibility involved here does not come within the express situations described in section 353.1 or the other tolling statutes, it must be concluded, in conformity with the views expressed in prior cases construing implicit tolling exceptions, that there is an implicit legislative intent to toll the limitations period under the present circumstances.

There are compelling reasons for recognition of an exception of impossibility in the present case. ■■■ It is wholly unreasonable to conclude that sections 312 and 340 were intended to admit no exceptions based upon impossibility where catastrophic fire or earthquake or other events might render it physically impossible for the plaintiff's attorney to submit or the court to accept a complaint for timely filing. Such exceptions would not prejudice the legislative purposes of barring delinquent plaintiffs or preventing litigation of stale claims any more than do the exceptions provided for by statute.

■■■ The injustice resulting from absolute application of section 340 could in this case be equal to that occasioned by application of section 583.310 despite the impossibility of compliance. The nature of the impossibility here is such that the plaintiff is most probably precluded from obtaining alternative recovery from her attorney. It is unlikely that an attorney could be found negligent under these circumstances. Thus, enforcement of the statute could result in a plaintiff permanently and grievously disabled, who has a "clear liability" claim, being wholly barred from legal recovery.

Defendant does not contend that the section 340 purpose of preventing prosecution of a stale claim or of allowing early discovery is actually disserved by allowing this action to proceed. Nor could defendant so claim. As pointed out in the recitation of the facts, defendant's carrier received prompt notice of the claim, investigated the accident, and conceded liability to the extent of settling plaintiff's property damage claim and had been seriously negotiating settlement of the personal injury damage before plaintiff's attorney was injured.

Defendant correctly points out that the personal disabilities tolling statutes of limitation enumerated in sections 352, 353, and 354 apply to the party, not counsel. From this defendant concludes that no tolling exceptions are contemplated concerning the disability of counsel. Defendant also contends that even if these personal disabilities were extended to plaintiff's counsel,

then (under §§ 352 and 357) they must exist as of the date plaintiff's claim accrued to have tolling effect.

■ Defendant's first argument does not undermine the reasoning that unusual catastrophes rendering timely filings impossible are circumstances apparently not contemplated by the Legislature and thus call for construction of an implicit exception. ■ Defendant's second argument presumes that this circumstance of impossibility must be equated with the personal disabilities of plaintiffs enumerated by statute and thus must be subject to the same requirement, that is that the "disability" exist as of the date plaintiff's cause of action accrued. These are unwarranted assumptions. First, such impossibilities will by their nature occur at or very near the end of the applicable statutory period. They are in reality more analogous to the recognized tolling circumstance of a state of war (§ 354) or death (§ 353) that prevents the plaintiff from timely commencing action. ■ Section 353.1 must be construed to encompass tolling circumstances that did not exist when plaintiff's cause of action accrued. ■ Thus, the statutory scheme does not invariably require that an implicit exception of impossibility be subject to the "disability" provisions of sections 352 and 357.

Finally, we turn to defendant's reliance upon the Supreme Court's statement in *Sanchez* v. *South Hoover Hospital* (1976) 18 Cal.3d 93, 103 [132 Cal.Rptr. 657, 553 P.2d 1129], that running of a statute of limitations period may occasionally bar meritorious actions but "[t]his consequence . . . is the price of the orderly and timely processing of litigation."

The language of *Sanchez* is general and *Sanchez* did not involve a similar circumstance of impossibility. Neither do any of the cases cited in *Sanchez* or by defendant involve such impossibility. Immediately preceding the quoted language in *Sanchez,* the court points out that the plaintiff (claiming partial tolling due to her one-month hospitalization for physical disability 10 months prior to the end of the statutory period) did not qualify for personal disability status under sections 352 and 354 and was proven to have had 11 months after her discharge from the hospital within which she personally could have investigated her potential claim. Also, plaintiff was found to have had "local relatives" who could have assisted her.

Contrary to defendant's perception that the harshness of result is the sole foundation of plaintiff's position, it is the factor of impossibility that sets this case apart from the reported cases refusing to construe an implicit exception for stress, temporary hospitalization (falling far short of impossibility) or unilateral mistake. The Legislature has since 1872 recognized that parties should not be prejudiced by impossibility of performance by its cod-

ification of the maxim of jurisprudence "The law never requires impossibilities." (Civ. Code, § 3531.)

■ Defendant urges that the declaration of plaintiff's counsel was not properly before respondent in opposition to the motion for judgment on the pleadings and should not be considered by this court. The record reveals defendant's failure to object below. Further, it is assumed that respondent considered the declaration with regard to whether plaintiff could amend her complaint to state facts tolling the running of section 340.

■ Language of statutes of limitation must admit to implicit exceptions where compliance is impossible and manifest injustice would otherwise result. We hold that the facts here presented give rise to an impossibility of compliance with the statute of limitation. The complaint may be accordingly amended and defendant may deny the truth of these facts in his answer to the amended complaint.

Let a peremptory writ of mandate issue directing respondent to vacate its order of May 13, 1985, granting defendant's motion to strike, and to enter a new and different order denying that motion.

McClosky, J., and Arguelles, J., concurred.