**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| CHARLES JAMES CHATMAN, | No. 08-16517 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00902-AWI-SMS |
| v. | |
| DERRAL G. ADAMS; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted January 13, 2011
San Francisco, California

Before: WALLACE, SILVERMAN, and TALLMAN, Circuit Judges.

Charles Chatman, a California state prisoner, appeals from the district

court's judgment dismissing his 42 U.S.C. § 1983 action as time-barred. We have

jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Chatman is correct, as the State concedes, that California's new two-year statute of limitations applies to his claims. Cal. Civ. Proc. Code § 335.1; *see also Friel v. Cessna Aircraft Co.*, 751 F.2d 1037, 1040 (9th Cir. 1985) (per curiam). He is also correct, as the district court recognized, that he is entitled to two years of statutory tolling due to his status as a prisoner. Cal. Civ. Proc. Code § 352.1(a). However, unless saved by equitable tolling, his complaint was still untimely.

Chatman contends that he is entitled to equitable tolling of the statute of limitations for the period during which the Northern District of California erroneously denied him permission to proceed in forma pauperis under 28 U.S.C. § 1915(g) in another, unrelated § 1983 action. The Northern District's order in Chatman's other case had nothing to do with the present case. Chatman's argument that he should get tolling pursuant to *Addison v. California*, 578 P.2d 941 (Cal. 1978), which permits tolling the statute of limitations for a claim while a plaintiff pursues alternative legal remedies for that same claim, fails because Chatman was not pursuing any alternative remedy for the claim in this case at the times in question. Furthermore, his assertion that he is entitled to tolling due to "impossibility" under *Lewis v. Superior Court of Los Angeles County*, 220 Cal. Rptr. 594 (Cal. Ct. App. 1985), loses because, as noted already, the order in the other lawsuit did not purport to prohibit Chatman from filing a complaint in this case.

Chatman also contends that he is entitled to tolling during the period when he was exhausting his mandatory administrative remedies. We agree that Chatman is entitled to some such tolling. *See Elkins v. Derby*, 525 P.2d 81, 83-84 (Cal. 1974); *see also Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005). But we need not determine how much tolling is warranted, because even assuming Chatman is entitled to the full time he seeks, he still filed his complaint over six months too late.

AFFIRMED.