Filed 8/31/22  Sahagun v. Landmark Fence Co. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JAMES SAHAGUN et al., | |
| Plaintiffs and Appellants, | E076919 |
| v. | (Super.Ct.No. RCVRS072083) |
| LANDMARK FENCE CO., INC. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed.

Ginez, Steinmetz & Associates and Rudy Ginez, Jr., for Plaintiffs and Appellants.

Ostergar Lattin Julander, John E. Lattin and Treg A. Julander, for Defendants and Respondents.

1

## I. INTRODUCTION

Plaintiffs and appellants, James Sahagun and others,[1] comprise a class of 188 former employees of defendant and respondent, Landmark Fence Co., Inc. (Landmark). In 2003, plaintiffs filed their original complaint against Landmark and its sole shareholder, director, and officer, defendant and respondent Robert J. Yanik, alleging that defendants had failed to pay plaintiffs prevailing wages on public works projects since 1999. In 2006, plaintiffs filed a first amended complaint (FAC), alleging additional wage-related claims against both defendants; that Yanik was Landmark's alter ego; and that, as such, Yanik was personally liable for Landmark's debts to plaintiffs.

In 2009, the superior court ordered this action stayed against both defendants after Landmark filed for Chapter 11 bankruptcy protection. On April 7, 2011, the bankruptcy court ruled that plaintiffs were "free to pursue" their alter ego claim against Yanik outside of the bankruptcy proceedings because the alter ego claim belonged solely to plaintiffs rather than to the bankruptcy estate or to Landmark's unsecured creditors as a whole. But at that time, plaintiffs did not pursue any of their claims against Yanik or ask the superior court to lift the 2009 stay order as to Yanik.

Instead, through May 2020, plaintiffs and Landmark litigated plaintiffs' wage-related claims against Landmark in the bankruptcy court and on appeal in the federal courts. On May 6, 2020, a bankruptcy court judgment for $10,116,533, in favor of

---

[1] There were nine named plaintiffs in this action: James Sahagun, Manuel J. Arredondo, Gerardo Garcia, Arturo Rivas Meza, Jose De La Cruz Mendoza, Dagoberto Ramirez, Juan C. Acevedo, Javier Sahagun, and Jose Guadalupe Sigala.

plaintiffs and against Landmark, was affirmed on appeal in the Ninth Circuit Court of Appeals. In a June 23, 2020 status report filed in this action, plaintiffs said they wanted to pursue their alter ego claim against Yanik and obtain a new, updated state court judgment against Yanik and Landmark, based on the bankruptcy court judgment, including post judgment interest.

Thereafter, Yanik and plaintiffs filed motions in this action, resulting in two April 15, 2021 orders that plaintiffs now appeal: (1) the order granting Yanik's motion to dismiss this action based on plaintiffs' failure to bring it to trial within five years of its commencement (Code Civ. Proc., §§ 583.310, 583.360),[2] and (2) the order denying plaintiffs' motion to "recognize" plaintiffs' $10,116,533 bankruptcy court judgment against Landmark and to enter a new, "updated" state court judgment against Landmark, but not Yanik, based on the bankruptcy court judgment. We affirm both orders.

## II. FACTS AND PROCEDURE

A. *Events Preceding the April 15, 2021 Orders*

    1. <u>This Action Against Defendants</u>

Landmark was a construction company that specialized in the fabrication, construction, installation, repair, and demolition of chain-link and wrought-iron fencing and gates. Yanik formed Landmark as a sole proprietorship in 1989 and incorporated Landmark as a California corporation in 1997. Yanik was Landmark's sole shareholder, director, and officer, and managed Landmark's day-to-day operations. As Landmark's

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

3

nonexempt, full-time employees, plaintiffs worked on public works projects and private construction projects throughout California.

In 2003, plaintiffs filed their original class action complaint against Landmark and Yanik. The original complaint alleged that, since 1999, Landmark and Yanik had failed to pay plaintiffs prevailing wage rates and other required compensation on public works projects. In 2006, plaintiffs filed the FAC, alleging for the first time that Yanik was Landmark's alter ego and was personally liable for Landmark's debts to plaintiffs. The FAC alleged additional wage-related claims against both defendants, including that they had failed to adequately compensate plaintiffs for work performed on private construction contracts. In March 2007, the superior court certified plaintiffs as a class of approximately 188 former Landmark employees.

2. Landmark's Bankruptcy Filing, Bankruptcy Court Proceedings

On May 14, 2009, four days before trial was to commence on the FAC, Landmark petitioned for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code, resulting in an automatic stay of plaintiffs' action against Landmark.[3] (11 U.S.C. § 362(a).) On the same day, defendants filed a notice of stay of proceedings in this action, advising the court and plaintiffs that this entire action was stayed as to both defendants based on Landmark's bankruptcy filing. The notice asserted that plaintiffs' alter ego claims against Yanik were the property of the bankruptcy estate, and were

---

[3] Plaintiffs point out that, before the May 2009 trial was to commence, the superior court denied defendants' motion for judgment on the pleadings and motion for summary judgment/adjudication on plaintiffs' alter ego claim.

4

therefore subject to the automatic bankruptcy stay against Landmark. (*Ibid*.) On May 15, 2009, the court in this action issued an order staying the entire action against both defendants.

On January 20, 2010, the bankruptcy court issued an order approving a stipulation between Landmark and the official committee of unsecured creditors in Landmark's bankruptcy case, authorizing the committee to pursue alter ego and avoidance actions on behalf of all of Landmark's unsecured creditors, including plaintiffs, and further stipulating that such claims belonged to Landmark's bankruptcy estate rather than to any of Landmark's individual creditors. Plaintiffs did not approve the stipulation and appealed the order approving it. On January 19, 2011, the federal district court reversed the bankruptcy court order approving the stipulation, reasoning that the intervening decision in *Ahcom*, *Ltd v. Smedling* (9th Cir. 2010) 623 F.3d 1248 (*Ahcom*) meant that plaintiffs' alter ego claim against Yanik belonged solely to plaintiffs, and was not property of the bankruptcy estate or Landmark's unsecured creditors as a whole.

On remand from the federal district court, the bankruptcy court issued an order on April 7, 2011, denying its prior approval of the stipulation and holding that " 'the Sahagun creditors [plaintiffs] . . . are free to pursue [their alter ego and other claims against Yanik] outside of bankruptcy.' " At that time, however, plaintiffs did not pursue any claims against Yanik, including their alter ego claim. Instead, over the next nine years, plaintiffs pursued and obtained a judgment against Landmark in the bankruptcy court, based on plaintiffs' wage-related claims, and plaintiffs successfully defended the judgment on appeal in the federal courts.

5

3. <u>Plaintiffs' Bankruptcy Court Judgment Against Landmark</u>

On November 14, 2012, following a six-day bench trial that began earlier in 2012, the bankruptcy court entered a judgment in favor of plaintiffs and against Landmark for over $14 million in unpaid wages, interest, and penalties. In 2013, the federal district court affirmed the judgment in part and reversed it in part. Following further proceedings, on June 28, 2016, the bankruptcy court issued a judgment for $10,116,553 in favor of plaintiffs and against Landmark. On May 6, 2020, the Ninth Circuit Court of Appeals affirmed the $10,116,533 judgment, and the judgment took effect on May 28, 2020.

On August 29, 2014, the bankruptcy court dismissed Landmark's bankruptcy case. During the bankruptcy, all of Landmark's assets were sold and liquidated under the bankruptcy court's supervision. Thus, by the time plaintiffs' obtained their final $10,116,533 judgment against Landmark in May 2020, Landmark had no assets and was no longer conducting business.

4. <u>Further Proceedings in This Action</u>

During the time this action was stayed, from and after May 2009, the parties filed status reports in this action concerning the ongoing litigation between plaintiffs and Landmark in the bankruptcy court and in the other federal courts. On June 23, 2020, plaintiff filed a status report, asking the court to set a trial date "as soon as possible" on their alter ego claim against Yanik, and advising that they were seeking a judgment against Yanik for the "amounts in" the bankruptcy court judgment. At a July 1, 2020 status conference, the matter was placed on the trial setting calendar after plaintiffs had

6

said they were ready for trial and had reiterated their request for a trial date on their alter ego claim. Plaintiffs did not say that they intended to pursue any wage-related claims against Yanik; they were only seeking to establish their alter ego claim and Yanik's liability for plaintiffs' bankruptcy court judgment against Landmark as an additional judgment debtor.

B. *The Current Motions and April 15, 2021 Orders*

    1. <u>Yanik's Dismissal Motion (§§ 583.310 to 583.360)</u>

On February 2021, Yanik moved to dismiss plaintiffs' action against Yanik based on plaintiffs' failure to bring the action to trial within five years of its commencement. (§§ 583.310, 583.360.) In a supporting declaration, Yanik averred that all of Landmark's assets, including its original "business records," were sold and liquidated under the bankruptcy court's supervision. Since that time, it was "uncertain what may have become of Landmark's business records," and Landmark's successor had also ceased doing business.

Yanik also argued it was "highly likely" that evidence relevant to plaintiffs' alter ego claim had "become stale and/or lost," that witnesses' memories "regarding events dating back . . . to 1999 [had] faded," and that other witnesses had died or could not be located. Yanik asserted that, with the exception of a less-than-two-year period between May 14, 2009, when Landmark filed for bankruptcy, and April 7, 2011, when the bankruptcy court ruled that plaintiffs were free to pursue their alter ego claim against Yanik, nothing prevented plaintiffs from prosecuting the claim.

7

Plaintiffs opposed the motion. They argued among other things that their alter ego claim was not subject to the five-year time period for bringing "an action" to trial (§ 583.310) because an alter ego claim is an equitable remedy; it is not an "independent" or "substantive" *cause of action*. Plaintiffs explained that they would soon be filing a motion pursuant to sections 187 and 1908, asking the court to give "full faith and credit" to the bankruptcy court judgment and to enter a second judgment in this action against Landmark and Yanik, "jointly and severally." The new judgment would be "for the full amount of the [bankruptcy court] judgment plus post-judgment interest, with Yanik being added to the judgment under the alter ego doctrine."[4]

In granting the motion, the court reasoned that the five-year period for bringing the action to trial against Yanik (§ 583.310) began no later than April 7, 2011, nearly 10 years earlier, when the bankruptcy court ruled that plaintiffs' alter ego claim against Yanik belonged solely to plaintiffs, and that plaintiffs were free to pursue their alter ego claim outside of the bankruptcy proceedings. The court also rejected plaintiffs' argument that their alter ego claim was not an "action" within the meaning of the five-year dismissal statutes (§§ 583.310 to 583.360), explaining that "action" is not synonymous with "cause of action" under the case law; rather, an "action refers to the judicial remedy to enforce an obligation." The court noted that the dismissal was "mandatory"

_____

**4** In opposing Yanik's motion, plaintiffs asked the court to take judicial notice of their $10,116,533 bankruptcy court judgment. Yanik opposed the request on several grounds, including that the existence of the bankruptcy court judgment was irrelevant to the dismissal motion. The record does not reveal whether the court took judicial notice of the judgment.

8

(§ 583.360, subd. (b)), regardless of whether plaintiffs could pursue their alter ego claim against Yanik in another action or proceeding.

In a March 2, 2021 minute order, the court dismissed plaintiffs' entire action against Yanik, including their alter ego claim, for failing to bring the action to trial within five years of its commencement. (§§ 583.310 to 583.360.) An order of dismissal was filed on April 15, 2021.[5] (§ 581d.)

2. Plaintiffs' Motion to "Recognize" the Bankruptcy Court Judgment

On March 9, 2021, several days after the court dismissed their action against Yanik, plaintiffs filed a motion asking the court to "recognize" their $10,116,533 final bankruptcy court judgment against Landmark, and to enter a new, updated state court judgment against Landmark in this action based on the bankruptcy court judgment, including postjudgment interest. The motion was based on sections 128, subdivision (a)(8), and 1908.

The court denied the motion at an April 15, 2021 hearing, reasoning that plaintiffs had cited no statutory or case authority that would allow the court to enter a second, state court judgment against Landmark in this action based on the bankruptcy court judgment. Plaintiffs told the court that they could bring an action on their bankruptcy court judgment in state court in order to enforce the judgment, and that there was no limitations period on their alter ego claim. But the court said these facts did not change the court's

_____

[5] At the time of the March 2, 2021 hearing on Yanik's dismissal motion, the court did not dismiss plaintiffs' action against Landmark.

9

order or give the court the authority to grant the motion to "recognize" the bankruptcy court judgment, as plaintiffs were requesting.

Plaintiffs appeal the April 15, 2021 orders (1) dismissing this action against Yanik, and (2) denying plaintiffs' motion to recognize their bankruptcy court judgment against Landmark and to enter a new, updated state court judgment against Landmark based on the bankruptcy court judgment.

## III.  DISCUSSION

A.  *Plaintiffs' Action Against Yanik, Including Plaintiffs' Alter Ego Claim, Was Properly Dismissed Under the Five-year Dismissal Statutes* (§§ *583.310 to 583.360*)

Plaintiffs claim the court erred as a matter of law in dismissing their entire action against Yanik, including their alter ego claim, under the five-year dismissal statutes. (§§ 583.310 to 583.360.)  They argue that in granting the dismissal motion, the court "ignored or misapprehended the case law and statutory law pertaining to res judicata, enforcement of judgments, and timely prosecution of an alter ego claim."  We find no error in the April 15, 2021 dismissal order.

1.  The Five-Year Dismissal Statutes (§§ 583.310 to 583.360)

Section 583.310 provides:  "An action shall be brought to trial within five years after the action is commenced against the defendant."  The remedy for violating section 583.310 is the dismissal of the action; section 583.360 provides:  "(a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article.

10

[¶] (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception as expressly provided by statute."

The five-year dismissal statutes (§§ 583.310 to 583.360) encourage " 'the expeditious disposition of litigation' " and are intended "to bring cases to a conclusion, to secure for plaintiffs the relief, and to defendants, the repose, to which the law entitles them, and to free the court's resources for the efficient adjudication of other claims. The statutes focus upon the detriment to the judicial system, as well as to a defendant, that results from 'tardy litigation of a claim.' " (*Hughes v. Kimble* (1992) 5 Cal.App.4th 59, 69-70.) The statutes secure repose for defendants by "preventing prosecution of stale claims where defendants could be prejudiced by loss of evidence and diminished memories of witnesses." (*Lewis v. Superior Court* (1985) 175 Cal.App.3d 366, 375.)

2. Standard of Review

Plaintiffs claim the de novo standard applies to our review of the dismissal order, given that the relevant facts concerning the order, including the histories of this action, of the bankruptcy proceedings, and of the bankruptcy court judgment, are undisputed. Yanik agrees that the de novo standard applies to "the legal issues involved" in his dismissal motion but claims there are factual issues to which the substantial evidence standard applies "contrary to [plaintiffs'] assertion that the entire appeal is determined de novo." We agree with Yanik that both standards apply.

"Generally, appellate courts independently review questions of law and apply the substantial evidence standard to a superior court's findings of fact." (*SFPP v. Burlington Northern & Santa Fe Ry. Co.* (2004) 121 Cal.App.4th 452, 461.) Thus, we apply the

11

substantial evidence standard to the court's factual findings, express or implied, in support of the dismissal order.  But to the extent the order is based on questions of law or the application of law to undisputed facts, our review is de novo.  (*Id*. at pp. 461-462.)[6]

    3.  <u>Plaintiffs' Entire Action Against Yanik Was Properly Dismissed</u>

As plaintiffs' point out, an alter ego claim is not an independent cause of action or a claim for substantive relief; it is a procedural remedy, or a means of imposing liability on an underlying cause of action against an alter ego defendant.  (*Peacock v. Thomas* (1996) 516 U.S. 349, 354 ["Piercing the corporate veil is not itself an independent . . . cause of action, 'but rather is a means of imposing liability on an underlying cause of action.' "].)  "A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, e.g., breach of contract or to set aside a fraudulent conveyance, but rather, procedural, i.e., to disregard the corporate entity as a distinct defendant and to hold the alter ego individuals liable on the obligations of the corporation where the corporate form is being used by the individuals to escape personal liability, sanction a fraud, or promote injustice."  (*Hennessey's Tavern*, *Inc. v. American Air Filter Co.* (1988) 204 Cal.App.3d 1351, 1358-1359 (*Hennessey's Tavern*).)

Plaintiffs claim that, "[b]ecause the alter ego doctrine is only a means of imposing liability for an underlying cause of action, and not an independent/stand-alone cause of

---

[6] Alternatively, to the extent the abuse of discretion standard applies to any of the superior court's rulings in connection with the dismissal order, we find no abuse of discretion.  (*Coe v. City of Los Angeles* (1994) 24 Cal.App.4th 88, 92 [applying abuse of discretion standard to order dismissing action under five-year dismissal statutes].)

12

action, there is no alter ego cause of action that is required to be brought to trial against Yanik." We disagree.

By their terms, the five-year dismissal statutes (§§ 583.310 to 583.360) apply to *actions*, not to causes of action or to claims for relief within an action, including alter ego claims. (*Nassif v. Municipal Court* (1989) 214 Cal.App.3d 1294, 1298 (*Nassif*).).) As *Nassif* explained: " 'Action' is defined in the dismissal statute as including 'an action commenced by cross-complaint or other pleading that asserts a cause of action or claim for relief.' (§ 583.110, subd. (a).) No further definition is found.[7] Generally, an action is defined as a proceeding wherein one asserts a right or seeks redress for a wrong. (§ 22.)[8] An action is usually deemed to commence upon the filing of a complaint (§§ 350, 411.10) and remains pending until the judgment is final (§ 1049). An action is not limited to the complaint but refers to the entire judicial proceeding at least through judgment and is generally considered synonymous with 'suit.' [Citation.] *Action is not the same as cause of action.* While 'action' refers to the judicial remedy to enforce an obligation, 'cause of action' refers to the obligation itself. [Citation.] [¶] . . . The courts have generally used the word 'action' to refer to the proceeding or suit and not to the cause of action." (*Nassif*, at p. 1298.)

---

**7**  Section 583.110, subdivision (a), defines " 'action' " as the term is used in Chapter 1.5, Title 8, Part 2 of the Code of Civil Procedure (§§ 583.110 to 583.410), including the five-year dismissal statutes (§§ 583.310 to 583.360).

**8**  Section 22 provides: "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

13

In sum, although an alter ego claim is not an independent cause of action or a claim for substantive relief (*Peacock v. Thomas*, *supra*, 516 U.S. at p. 354; *Hennessey's Tavern*, *supra*, 204 Cal.App.3d at pp. 1358-1359), an alter ego claim is nonetheless a judicial remedy or a means of enforcing an obligation against an alter ego defendant (*Nassif*, *supra*, 214 Cal.App.3d at p. 1298). As such, an alter ego claim is part of the action or suit in which the claim is brought (*ibid.*), and the five-year dismissal statutes apply to such actions (§§ 583.110, subd. (a), 583.310, 583.360).

As defendants point out, the five-year dismissal statues (§§ 583.310 to 583.360) would be "gutted" if a plaintiff could circumvent them "merely by including alter ego allegations" in the complaint. Courts would then be powerless to dismiss an action involving an alter ego claim no matter how long the action was pending. (See § 583.360, subd. (a).) Such a position is untenable and would contravene one of the purposes of the five-year dismissal statutes: to protect the courts and defendants from the prosecution of stale claims. (*Lewis v. Superior Court*, *supra*, 175 Cal.App.3d at p. 375.) Further, the five-year dismissal statutes do not require courts to parse particular claims or remedies in an action from independent or substantive causes of action and allow the action to proceed only on claims or remedies that do not amount to independent or substantive causes of action.

Turning to the order of dismissal, the superior court found that the five-year period for bringing plaintiffs' action (and alter ego claim) to trial against Yanik began to run *no later* than April 7, 2011, and that plaintiffs did not bring the action to trial within five

14

years of that date, or by April 7, 2016. Substantial evidence supports the court's express and implied factual findings in support of its ruling.

First, the record shows that plaintiffs' entire action, including their alter ego claim, was stayed as to both Landmark and Yanik between May 14, 2009, when Landmark filed for bankruptcy, and April 7, 2011, when the bankruptcy court ruled that plaintiffs' alter ego claim belonged solely to plaintiffs and that plaintiffs were free to pursue the claim outside of the bankruptcy proceedings. Thus, plaintiffs were free to pursue their alter ego claim *in this action* after April 7, 2011.[9]

But, by their own admission, plaintiffs chose not to pursue their alter ego claim in this action until after their $10,116,533 bankruptcy court judgment against Landmark was

---

[9] For the first time in this appeal, plaintiffs complain that Yanik did not adduce a true and correct copy of the April 7, 2011 bankruptcy court order in support of his dismissal motion and instead relied on his counsel Mr. Lattin's declaration, to describe the contents of the order. Without having adduced a true and correct copy of the order themselves, plaintiffs now argue that the order only determined who had standing to assert plaintiffs' alter ego claim against Yanik, and that the order did not determine that plaintiffs were free to pursue the alter ego claim outside of the bankruptcy proceedings. Plaintiffs have forfeited this claim of evidentiary error concerning the contents of the order by failing to raise it in opposing the dismissal motion. (*People v. Stitely* (2005) 35 Cal.4th 514, 546 [claims of evidentiary error are forfeited on appeal unless raised below].)

In fact, at the March 2, 2021 hearing, plaintiffs conceded that they could have pursued their alter ego claim in the bankruptcy court after April 7, 2011, but chose not to do so. At the hearing, the court asked Mr. Lattin to clarify whether he had said that the bankruptcy court had offered to allow plaintiffs to try their alter ego claim against Yanik when plaintiffs tried their wage-related claims against Landmark, but that plaintiffs had "declined" the bankruptcy court's offer. Both Mr. Lattin and plaintiffs' counsel, Mr. Ginez, agreed that this was correct. Mr. Ginez added: "We wanted a trial of the entire action in the state court. . . . We requested leave and relief from the automatic stay to go to state court." Thus, the record shows plaintiffs could have pursued their alter ego claim either in this action or in the bankruptcy court after April 7, 2011, but plaintiffs chose not to pursue either of these options.

affirmed on appeal on May 6, 2020.  On June 23, 2020, plaintiffs asked the superior court to set a trial date on their alter ego claim.  But by that time, plaintiffs' action and alter ego claim against Yanik were subject to dismissal under the five-year dismissal statutes. (§§ 583.310 to 583.360.)  For this reason and as the court said, dismissal of plaintiffs' entire action was "mandatory."  (§ 583.360, subd. (b).)

Plaintiffs further argue it would have been "legally unreasonable, impracticable, and perhaps sanctionable misconduct" for them to have initiated "a proceeding to prove alter ego liability against Yanik" without first obtaining a final money judgment against Landmark.  (§ 583.340, subd. (c) [five-year time period for bringing action to trial excludes time in which "[b]ringing the action to trial . . . was impossible impracticable, or futile"].)  Plaintiffs have forfeited this claim by failing to raise it in the superior court. (§ 583.340, subd. (c); *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 ["It is axiomatic that arguments not asserted below are waived and will not be considered for the first time on appeal."].)[10]

---

[10] Under the impossibility exception of section 583.340, subdivision (c), "[w]hat is impossible, impracticable, or futile is determined in light of all the circumstances of a particular case, including the conduct of the parties and the nature of the proceedings.  The critical factor is whether the plaintiff exercised reasonable diligence in prosecuting its case. . . .  [¶]  The determination of whether the impossibility exception applies involves a fact-specific inquiry and depends 'on the obstacles faded by the plaintiff in overcoming those obstacles.' "  (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 590.)  "The question of impossibility, impracticability, or futility is best resolved by the trial court, which 'is in the most advantageous position to evaluate these diverse factual matters in the first instance.' "  (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 731.)  "The trial court has discretion to determine whether the impossibility exception applies, and that decision will be disturbed on appeal only if an abuse of that discretion is shown."  (*Perez*, at pp. 590-591.)  The plaintiff bears the

*[footnote continued on next page]*

Plaintiffs next argue that, until they obtained their final money judgment against Landmark on May 6, 2020, they had "no alter ego claim" against Yanik, and once they obtained their final judgment against Landmark, they did not delay in pursuing their alter ego claim against Yanik in this action. But plaintiffs have cited no authority for the proposition that obtaining a final judgment against one judgment debtor is a necessary prerequisite to pursuing an alter ego claim against a potential additional judgment debtor on the same underlying obligations. In addition, plaintiffs alleged their alter ego claim against Yanik when they filed their FAC in 2006, many years before they obtained their final bankruptcy court judgment against Landmark on May 6, 2020. Thus, plaintiffs had a duty exercise reasonable care to timely bring their alter ego claim to trial in this action.[11] (*Hughes v. Kimble*, *supra*, 5 Cal.App.4th at p. 70 ["[A] plaintiff has a duty to exercise reasonable diligence to insure that a case is brought to trial or other conclusion within statutory time constraints" of the five-year dismissal statutes.].) And here, the court implicitly found, and substantial evidence shows, that plaintiffs did not exercise reasonable care to ensure that their alter ego claim was brought to trial within five years of April 7, 2011, when the bankruptcy court stay was lifted as to Yanik, and plaintiffs were free to prosecute the alter ego claim against Yanik in this action.

---

burden of proving that the circumstances warrant application of the section 583.340, subdivision (c) exception. (*Bruns*, at p. 731.)

[11] This is true even if the state court action against the alleged alter ego would have evidence overlapping the bankruptcy action since plaintiffs declined to have the alter ego claim adjudicated by the bankruptcy court. See footnote 9, *ante*.

Plaintiffs next argue that the time for them to establish Yanik's liability for the bankruptcy court judgment, as Landmark's alter ego, had not expired when the court dismissed their action and alter ego claim against Yanik on April 15, 2021. Plaintiffs point out that they had, and still have, 10 years from the date the bankruptcy judgment was entered on May 6, 2020 to bring an action *on the bankruptcy court judgment* to establish Yanik's alter ego liability on that judgment. (§§ 683.050, 335, 337.5, subd. (b); *Kertesz v. Ostrovsky* (2004) 115 Cal.App.4th 369, 373 [The 10-year limitations period for filing an action on a judgment does not accrue until the judgment is final.]. Plaintiffs also claim that they could have filed a section 187 motion in this action to establish Yanik's alter ego liability on the judgment—to add Yanik to the judgment as an additional judgment debtor—because there is no limitations period on a section 187 motion to add an alter ego of a judgment debtor to a judgment. (*Highland Springs Conference & Training Center v. City of Banning* (2016) 244 Cal.App.4th 267, 288.)

These claims, too, are unavailing. Regardless of whether these alternative means of establishing Yanik's alter ego liability on the bankruptcy court judgment were, or still are, available to plaintiffs (questions we need not and do not determine), plaintiffs' current action against Yanik is *not* an action on the bankruptcy court judgment, and plaintiffs did *not* file a section 187 motion in this action to add Yanik to the bankruptcy court judgment as an additional judgment debtor. Instead, at the time of the March 2, 2021 hearing on the dismissal motion, plaintiffs were still proceeding solely on their 2006-filed FAC. As the court said, the dismissal of plaintiffs' action and alter ego

18

claim against Yanik was mandatory, "whether or not there are other remedies that could possibly be forthcoming" to establish Yanik's alter ego liability.[12]

Lastly, plaintiffs argue the superior court erroneously granted the dismissal motion because the current action was still stayed as to both defendants when the dismissal order was made on April 15, 2021. Plaintiffs point out that during the entire time this action was stayed as to both defendants, after Landmark filed for bankruptcy on May 14, 2009, the parties regularly informed the court of the status of the ongoing litigation between plaintiffs and Landmark in the bankruptcy court and other federal courts. Here again, plaintiffs suggest that they acted diligently to pursue their alter ego claim in this action after they obtained their final bankruptcy court judgment against Landmark. But as discussed, the superior court implicitly found and substantial evidence shows that plaintiffs did not diligently pursue their alter ego claim after April 7, 2011.

Plaintiffs have not cited any authority prohibiting the superior court from dismissing this action because the court's own March 15, 2009 stay order was still in

---

[12] Plaintiffs argue that *Lopez v. Escamilla* (2020) 48 Cal.App.5th 763 (*Lopez*) supports their contention that they still had time to prosecute their alter ego claim against Yanik at the time of the March 2, 2021 hearing on the dismissal motion, either by filing a separate action on the bankruptcy court judgment or a section 187 motion in this action. Be that as it may, *Lopez* does not assist plaintiffs' claim that the dismissal order was erroneously granted. *Lopez* reversed an order granting judgment on the pleadings in a separate action on a previously obtained judgment against an alleged alter ego of the original judgment debtor. (*Id*. at pp. 765-766.) The court rejected the alleged alter ego defendant's argument that a section 187 motion was the only proper procedure for pursuing an alter ego claim, reasoning that a plaintiff may establish a defendant's alter ego liability either by a section 187 motion in the original action or by filing a separate action on the judgment. (*Id*. at pp. 765-766.) As discussed, plaintiffs' current FAC is not an action on the bankruptcy court judgment, and plaintiffs did not file a section 187 motion to establish Yanik's alter ego liability in this action.

19

effect when the dismissal motion was heard on March 2, 2021, or when the order of dismissal was issued on April 15, 2021. The record shows that, after April 7, 2011, plaintiffs could have asked the court in this action to lift its May 15, 2009 stay order insofar as that order stayed plaintiffs' pursuit of their alter ego claim against Yanik, but plaintiffs never did so.

B. *Plaintiffs' Motion to Enter a New, State Court Judgment Against Landmark Based on the Bankruptcy Court Judgment Was Properly Denied*

The superior court denied plaintiffs' motion to "recognize" plaintiffs' May 6, 2020 bankruptcy court judgment against Landmark and enter a new and "updated" state court judgment against Landmark in this action based on the bankruptcy court judgment. The court ruled that it had no authority to grant the motion. Plaintiffs claim the motion was erroneously denied because sections 1908, 128, subdivision (a)(8), and 187 authorized the court to grant it. They argue: "The res judicata doctrine as set forth in section 1908, and sections 128 and 187, provided the trial court with the authority to recognize the bankruptcy court judgment and enter a new, updated judgment against Landmark."

We disagree. None of the cited statutes, either alone or in combination, authorize a California court to enter a new and additional state court judgment against a party, based solely on a federal court judgment against that party, even when the parties to the federal court judgment are parties to the action before the state court.[13]

As defendants also point out, federal court judgments are not subject to state court enforcement as sister state money judgments; only state judgments are. (§§ 1710.10 to 1710.65.) Section 1710.10, subdivision (c), defines a " 'sister state judgment' " as "that part of any judgment, decree, or order of a court of a state of the United States, other than California, which requires the payment of money . . . ." This definition excludes federal court judgments. (Cal. Law Revision Com. com., 20 West's Ann. Code Civ. Proc. (2007 ed.) foll. § 1908, p. 371["[U]nlike the Uniform Act which applies to all state and federal

---

[13] Section 1908, in relevant part, concerns the res judicata effect of a judgment between parties and their successors in interest: "(a) The effect of a judgment or final order in an action or special proceeding before a court or judge of this state, or of the United States, having jurisdiction to pronounce the judgment or order, is as follows: [¶] . . . [¶] (2) In other cases, the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action or proceeding." (§ 1908.)

Section 128, subdivision (a)(8), grants courts broad authority to control and amend their processes and orders: "(a) Every court shall have the power to do all of the following: . . . [¶] . . . [¶] (8) To amend and control its process and orders so as to make them confirm to law and justice." (§ 128, subd. (a)(8).) Section 187 similarly grants courts broad authority to carry their jurisdiction into effect: "When jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirt of this Code." (§ 187.)

21

judgments entitled to full faith and credit, Section 1710.10 (c) applies only to judgments of sister state courts . . . ."].)

## IV. DISPOSITION

The April 15, 2021 orders dismissing plaintiffs entire action, including their alter ego claim, against Yanik, and denying plaintiff's motion to "recognize" the May 6, 2020 bankruptcy court judgment in favor of plaintiffs and against Landmark, are affirmed. The parties shall bear their respective costs on appeal. (Cal. Rules of Court, rule 8.268.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:


MILLER
Acting P.J.


SLOUGH
J.